METZGER v. GREEN, SUPT., MARION CORRECTIONAL
INSTITUTION.

(No. 1139—Decided June 26, 1962.)

*Mr. Robert J. Metzger, in propria persona.*
*Mr. Mark McElroy*, attorney general, for respondent.

GUERNSEY, P. J.  In this action in habeas corpus petitioner submitted in evidence two separate indictments, one for statutory rape, under the provisions of Section 2905.03, Revised Code, and the other for assault upon a child under sixteen years, under the provisions of Section 2903.01, Revised Code, and claims his restraint illegal by reason of (1) the two indictments being tried jointly and (2) each indictment failing to allege an offense prohibited by law.  The court, *sua sponte*, has also given consideration to whether the latter is a lesser included offense of the former or factually inconsistent with the former.

The journal entries of sentence, copies of which are exhibits to the return filed herein, indicate that the defendant was tried,

convicted and sentenced under a separate case number for each indictment. Defendant has offered no proof of his claim that the indictments were tried jointly, and this court, giving the usual presumption of validity to the judgment of conviction and sentence, must reject petitioner's first contention, and upon examination of each indictment finds that each charges an offense in the manner provided by law and must also reject petitioner's second contention.

As an element of the latter charged offense is that the assault is "without [1] committing or [2] intending to commit the crime of rape" (bracketed numbers and emphasis added), and as this element cannot be proved by merely the same evidence which would prove the commission of statutory rape, then the crime of assault upon a child under sixteen years is not a lesser included offense of the crime of statutory rape. By the same token, however, if a jury would conclude that the defendant had committed statutory rape he could not also be convicted upon the same evidence of the crime of assault upon a child under sixteen years, or, if a jury would conclude that the defendant had committed the crime of assault upon a child under sixteen years he could not also be convicted upon the same evidence of the crime of statutory rape, for the proof of one disproves the other and they are thus factually inconsistent with each other. See *State* v. *Johnson*, 112 Ohio App., 124.

This latter possible inconsistency is not a matter which can be determined in this habeas corpus proceeding but, if it exists, may be determined only on appeal, for in this proceeding we do not have before us the evidence to first determine whether the convictions were had upon the same evidence and, even if we had the evidence before us and it were of such character as to show a factual inconsistency going to the jurisdiction of the trial court, the petitioner would still stand convicted and sentenced on one, or the other, of the two offenses and would not be entitled, in such case, to be released from imprisonment by virtue of this habeas corpus proceeding.

*Petitioner remanded to custody.*

Middleton and Younger, JJ., concur.