THE STATE OF OHIO, APPELLEE, *v.* LATHAM, APPELLANT. (Two cases.)

(Nos. 7436 and 7437—Decided January 21, 1964.)

*Mr. John C. Young*, city attorney, and *Mr. Jack L. Johnson*, for appellee.
*Mr. Henry Clay Scott*, for appellant.

*Per Curiam.* This is an appeal from two convictions, in the Municipal Court of Columbus, of the crime of indecent exposure under Section 2905.30, Revised Code.

The first assignment relates to the admission of a West Virginia birth certificate. The foundation for admission was clearly insufficient but the evidence was merely cumulative.

The second complaint is that in one case the witness testified only to seeing the defendant's "private person." We think that the testimony taken in context has a clear and definite meaning.

The third complaint relates to a cross-examination question on a detail of a previous conviction. The question was obviously improper, but, on the record as a whole, the error was not prejudicial.

The court also permitted a police officer to testify to the identification of the defendant by other persons in a police line-up. This was hearsay and inadmissible. However, it was on the record merely cumulative on a point abundantly well established by proper evidence.

The remaining assignments relate to the sufficiency of the affidavits. The affidavits allege that the accused "being over the age of fourteen," did commit the offense. The statute applies only to a person eighteen or over. That minimum age is an essential element of the crime. See State v. Daniels (1959), 169 Ohio St., 87, and State v. De Camillo (1961), 86 Ohio Law Abs., 432. The affidavit does not state that the accused was eighteen or over, nor does it state facts from which this could be inferred. Cf. State v. Daniels, supra. The omission of an essential element is not amendable, and the curative and procedural provisions of Section 2941.30, Revised Code, do not apply to such a defect. State v. Cimpritz (1953), 158 Ohio St., 490. See, also, State v. Presler (1960), 112 Ohio App., 437. Since the omission is of an essential element, the case of City of Cleveland v. Ely (1963), 174 Ohio St., 403, is inapplicable. The objection here was made before conviction and was timely.

The judgments of the Municipal Court are reversed and vacated and the causes are remanded for dismissal of these particular affidavits.

*Judgments reversed and causes remanded.*

Bryant, Duffey and Troop, JJ., concur.

BRYANT, J., concurring. The criminal law here involved, Section 2905.30, Revised Code, previously known as Section 13032, General Code, will be referred to here as the "indecent exposure" law. The court was told during argument that both affidavits used in these two cases were printed forms with blank spaces filled in and signatures added, that they were old blanks and had not been corrected. It would appear that such forms, having been out of date and incorrect for over seventeen years, had outlived their usefulness.

Prior to January 1, 1946, the then existing Section 13032, General Code, began with these words:

"Whoever, *being over fourteen years of age*, wilfully makes an indecent exposure of his person in a public place or in a place * * *." (Emphasis added.)

In 1945, the General Assembly of Ohio, enacted House Bill No. 463, effective January 1, 1946, the title in part being "To recodify the statutes relating to children by amending * * *" General Code Section 13032 (now Section 2905.30, Revised Code) to read in part as follows:

"Whoever, being *eighteen years of age or over*, wilfully makes an indecent exposure of his person in a public place or in a place * * *." (Emphasis added.)

It is quite apparent that by this amendment the statute was made inapplicable to those persons who had not reached the age of eighteen years.

As I understand the *per curiam* opinion in this case, it holds that the affidavit is lacking in a material allegation, therefore void. If this be true, it would also appear that no jeopardy has attached which would bar further proceeding under a new affidavit. See 22 Corpus Juris Secundum, 650, Criminal Law, Section 246, which reads as follows:

"Generally, jeopardy does not attach unless there is a valid indictment, information, or complaint, and in the absence of constitutional or statutory provisions to the contrary this rule may apply irrespective of whether accused was acquitted or convicted."