Cantway *v.* Maxwell, Warden, et al.

(No. 7525—Decided January 28, 1964.)

Mr. Raymond A. Cantway, in propria persona.

Mr. William B. Saxbe, attorney general, and Mr. John F. Cianflona, for respondents.

440

Duffy, P. J.   A petition for a writ of habeas corpus was filed originally in this court.   After a hearing of the case on December 13, 1963, the court held it for decision.

The principal contention of the petitioner was that while he had been indicted for a violation of Section 2905.03 of the Revised Code (carnal knowledge of a female under 16), he was permitted to withdraw his former plea of not guilty to a violation of that section and to enter a plea of guilty to a violation of Section 2903.01 of the Revised Code (felonious assault), which offense was considered by the trial court to be an included offense in Section 2905.03 of the Revised Code.   Petitioner does not believe that it was a lesser included offense.

It is true that in order for one crime to be a lesser crime included in another crime, the essential elements of the including crime must include all the essential elements of the included crime.   *State* v. *Daniels*, 169 Ohio St., 87.   See, also, *Metzger* v. *Green, Supt.*, 116 Ohio App., 121.

The petitioner does not contend that the trial court did not have jurisdiction over him and over the offense for which he was indicted.   If it is his desire to review the procedure, he must appeal to the Court of Appeals for Lucas County.   See *Bolin* v. *Maxwell, Warden*, 173 Ohio St., 517, and *Mills* v. *Maxwell, Warden*, 174 Ohio St., 523.   In those cases the validity of the indictment was questioned, and still the Ohio Supreme Court held that their remedy, if any, was by way of appeal and not by habeas corpus.   See, also, the case of *Perry* v. *Maxwell, Warden*, 175 Ohio St., 369.

The present case does not question the sufficiency of the indictment, and in view of the above-cited cases, it appears that the relief sought by petitioner must be denied.

*Petitioner remanded to custody.*

Duffey and Troop, JJ., concur.