CITY OF CINCINNATI, APPELLEE, *v.* ROSS, APPELLANT.

[Cite as Cincinnati v. Ross, 16 Ohio App. 2d 62.]

(No. 10479—Decided July 15, 1968.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Jerome L. Schrimpf,* for appellee.
*Mr. James R. Rimedio,* for appellant.

SHANNON, J. This is an appeal on questions of law directly to this court from the Municipal Court of Hamilton County from a judgment entered upon a finding of guilt of the defendant.

The defendant, appellant herein, was charged with indecent exposure under the provisions of Section 2905.30, Revised Code, to wit:

"No person eighteen years of age or over shall willfully make an indecent exposure of his person in a public place or in a place where there are other persons to be offended or annoyed thereby."

On October 23, 1967, in the early evening hours, the defendant was seated in his automobile, which was parked in a shopping center in Cincinnati. A young woman passed the vehicle, whereupon the defendant exposed his genitals to her view. The defendant then immediately fled the scene in his car, but the license number was noted by a companion of the young woman. This information, together with a description of the defendant, enabled police to locate him.

On October 24, 1967, the defendant admitted the offense in the course of an oral statement to investigators.

The defendant in his statement of the case to this court admits that upon trial the prosecution proved every element of the alleged offense except that the defendant was a person eighteen years of age or over.

Trial was had without the intervention of a jury, and, upon the prosecution resting its case in chief, the defendant moved for a dismissal of the charge upon the sole ground that no proof of age of the accused had been tendered.

The trial judge first inquired of the prosecution if it desired to reopen the case to attempt to show the age of

the defendant. The solicitor suggested that the court "take notice that the laws of the state of Ohio state that a person under eighteen can't own an automobile." Without further pertinent argument or comment from any source, the motion to dismiss was overruled.

The defendant, through counsel, advised the court that he did not wish to testify, whereupon he was found guilty. The trial judge then inquired if the defendant had any statement he wished to make before sentence was imposed. The attorney representing the defendant then stated, "Your Honor, the gentleman is forty-three years old he has no criminal record."

The sole issue raised by this appeal is whether the age of the accused is an essential element to be proved in a prosecution founded upon an alleged violation of Section 2905.30 of the Revised Code.

In urging an affirmance of the judgment below, the solicitor contends the question of the age of an accused under the Code section involved relates to jurisdiction of the trial court, suggesting that the elements of age and the exposure of the person are separable; the first to establish evidence of the court's authority to hear the case, and the latter to establish guilt beyond a reasonable doubt.

We recognize the peculiarly difficult problem presented to police under present restrictions imposed upon them in the investigative process to obtain admissible evidence of the age of a given defendant. It is conceivable that had police interrogated this defendant about his age any statement made by him would have been violative of rights guaranteed under the federal Constitution.

Therefore, since as between a police officer and a defendant generally only the latter knows the answer to the question of age, the officer would have literally an insurmountable obstacle before him in the absence of ability to question the defendant thereon.

However, despite our recognition of the difficulty of obtaining evidence of age, the necessity of proof thereof remains.

In the case at bar, no evidence of age of the defendant

was produced. The only statement bearing upon such question was made by defense counsel after the determination of guilt.

It may have been that the trial judge felt that the fact that the defendant was well beyond the age of eighteen years was self-evident, which would certainly have been obvious to an observer since a man of forty-three would not ordinarily be mistaken for a youth of eighteen, but the requirement of proof of age would not thereby be satisfied.

We are in accord with the rule of law set forth in *State* v. *Latham,* 120 Ohio App. 176, paragraph one of the syllabus:

"Section 2905.30, Revised Code, prohibiting 'indecent exposure,' applies only to a person 18 or over, which minimum age is an essential element of such crime."

However, because of the special problems surrounding proof of such essential element, we would be prone to recognize opinion evidence thereon as an exception to the general rule that ordinary, that is, lay or nonexpert, witnesses cannot testify to conclusions. Had the investigating officers or the civilian witnesses stated that in their opinion the defendant was over eighteen years of age, such testimony would have been sufficient to sustain the prosecution's burden of proof in the absence of any rebuttal.

Nevertheless, their was nothing before the trial court upon which a reasonable man could have concluded that the defendant was of the age of eighteen or over, and his motion for dismissal of the charge should have been granted.

Therefore, the judgment below is reversed and vacated, and the defendant is dismissed.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT. J., concur.