The State of Ohio, Appellee, v. Zickefoose, Appellant.

[Cite as State v. Zickefoose, 16 Ohio App. 2d 169.]

(No. 719—Decided January 2, 1969.)

Mr. Paul D. Beach, for appellant.
Mr. Robert D. Walker, for appellee.

Younger, J. This is an appeal from a judgment of the Findlay Municipal Court finding the defendant, appellant herein, guilty of the crime of "indecent exposure."

The narrative bill of exceptions shows that no testimony was given nor was any reference made as to the defendant's age. At the conclusion of the state's case the defendant made a motion to dismiss the case "for failure of the state to prove the elements of the offense, namely the age of the defendant." This motion was overruled.

Thereupon the defendant "over objections" took the stand and testified that he was employed at McComb, Ohio, and that he at no time had returned to Findlay where the act was alleged to have occurred at 1:30 p. m. The state then moved to strike this testimony as it was in the nature of an alibi and no notice of alibi had been given. This motion the court sustained.

Whereupon the defense rested and renewed its motion to dismiss "on the grounds that the state had wholly failed to prove one of the essential elements of the offense, namely the age of the defendant." This motion was again overruled and the defendant found guilty.

Section 2905.30, Revised Code, provides:

"No person eighteen years of age or over shall willfully make an indecent exposure of his person in a public place or in a place where there are other persons to be offended or annoyed thereby, * * *."

Being "eighteen years of age or over" is an essential ingredient of this offense which the state must prove. *State v. Latham*, 120 Ohio App. 176, and *State v. DeCamillo*, 16 Ohio Opinions 2d 359.

The very recent case of *Cincinnati v. Ross*, 16 Ohio App. 2d 62, is on all fours with the case with which we are here concerned. In that case, being a prosecution for indecent exposure, the state failed to prove that the defendant was "eighteen years of age or over." That case was tried to a judge without the intervention of a jury and it was argued that the judge could observe the defendant and know from his appearance that he was over eighteen years of age. The attorney for the defendant after conviction and in argument said "Your honor, the gentleman is forty-three years old he has no criminal record." However, the Court of Appeals for Hamilton County reversed and vacated the judgment of conviction and dismissed the defendant, holding that the state had failed to prove one of the essential ingredients or elements of the offense.

In our present case we hold that proving the defendant was "eighteen years of age or over" was an essential part of the state's case and, the state having failed to sustain this burden, the judgment of the trial court must be reversed and vacated and the defendant ordered dismissed.

*Judgment reversed.*

GUERNSEY, P. J., and COLE, J., concur.