THE STATE OF OHIO, APPELLEE, *v.* SHOE, APPELLANT.

[Cite as State v. Shoe, 20 Ohio App. 2d 344.]

(No. 688—Decided August 28, 1969.)

Mr. *Robert J. Huffman,* prosecuting attorney, for appellee.

Messrs. *Shipman, Utrecht & Dixon,* for appellant.

KERNS, P. J. The defendant, appellant herein, Edward L. Shoe, was charged with the crime of sodomy in an indictment which provides, in substance, that:

"he unlawfully did have carnal copulation with another human being in an opening of the body other than a sexual part, to wit: being a person of Charles Trisler contrary to Section 2905.44 of the Revised Code of Ohio."

Shoe entered a plea of not guilty, waived a trial by jury, and was tried by the Court of Common Pleas of Miami County. The trial court found him not guilty of the charge of sodomy, but guilty of a violation of Section 2903.01, Revised Code, which reads, in pertinent part, as follows:

"No person over the age of eighteen years shall assault a child under the age of sixteen years, and willfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or willfully make improper exposures of his person in the presence of such child.

"Whoever violates this section is guilty of felonious assault * * *."

The defendant was thereafter sentenced to the Ohio State Penitentiary for a period of not less than one nor more than ten years for the crime of felonious assault.

The controlling issue in this appeal is whether the crime of felonious assault is a lesser included offense under an indictment for the crime of sodomy.

In the case of *State* v. *Hreno,* 162 Ohio St. 193, the Supreme Court of Ohio said that "an offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment." Likewise, in the case of *State* v. *Daniels,* 169 Ohio St. 87, the court said that in order for one crime to be "a lesser crime included" in another crime within the meaning of Section 2945.79, Revised Code, the essential ele-

ments of the including crime must include all the essential elements of the included crime. See, also, *Cantway* v. *Maxwell, Warden,* 120 Ohio App. 439.

In *State* v. *Kuchmak,* 159 Ohio St. 363, at page 370, the court said that "a person indicted for a superior offense may be convicted thereunder of a lesser offense, only where the indictment in form also charges the lesser offense."

The *Kuchmak case* was cited favorably in the case of *State* v. *Byrd,* 14 Ohio App. 2d 218, where the court held that a person indicted for a superior offense cannot be convicted of a lesser offense unless the indictment charges the lesser offense.

Reverting to the present case, it is manifest that the elements of the crime of sodomy cannot be extended, even by inference or implication, to include all the essential elements of the crime of felonious assault. The statutory reference to age in Section 2903.01, Revised Code, is not within the scope of Section 2905.44, Revised Code, and age is an essential element of the crime of felonious assault. See *State* v. *Latham,* 120 Ohio App. 176; *State* v. *Daniels,* 169 Ohio St. 87; *Cincinnati* v. *Ross,* 16 Ohio App. 2d 62; *State* v. *Zickefoose,* 16 Ohio App. 2d 169; *State* v. *DeCamillo,* 86 Ohio Law Abs. 432. See, particularly, *People* v. *McGuiness,* 11 App. Div. 2d 441, 207 N. Y. S. 2d 909, which has characteristics similar to those of the present case.

Sodomy and felonious assault are recognized in different chapters of the Revised Code and, in our opinion, are separate and distinct crimes. See *State* v. *Labus,* 102 Ohio St. 26; *State* v. *Whitten,* 82 Ohio St. 174. The latter crime includes elements which are not present in the superior crime.

The loathesome nature of either offense causes some reluctance, but our judicial duty is nonetheless clear.

The judgment must be reversed, and the cause remanded to the Court of Common Pleas of Miami County for further proceedings according to law.

*Judgment reversed.*

SHERER and CRAWFORD, JJ., concur.