Edward Ray STACY, Petitioner-
Appellant,

v.

Charles VAN CUREN, Supt. of Lebanon
Correctional Institute, Respondent-
Appellee.

No. 20298.

United States Court of Appeals,
Sixth Circuit.

Oct. 12, 1970.

Edward Ray Stacy, in pro. per.

Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee on brief.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Edward Ray Stacy, petitioner-appellant, appeals from an order of the United States District Court for the Southern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. Stacy is confined in the Lebanon (Ohio) Correctional Institution serving a sentence of one to fifteen years upon his plea of guilty to a charge of Assault with Intent to Commit Robbery (Section 2901.24 Ohio Revised Code).

The appellant was indicted in the Montgomery County (Ohio) Common Pleas Court by the Grand Jury in September, 1966, for Assault with Intent to Commit Rape in violation of Section 2901.24 Ohio Revised Code. On February 3, 1967, the appellant, being represented by counsel, without further action

by the Grand Jury or by way of information, pleaded guilty to Assault with Intent to Commit Robbery and received the sentence of which he now complains.

In a former habeas corpus action in the District Court (Stacy v. Warden, No. 6706, S.D. of Ohio at Cincinnati in June 1968) the Court held that the appellant had not exhausted his state remedies (Section 2254, Title 28, U.S.C.) and that his petition should be dismissed. The Court went further and decided the case on its merits which involved the question of whether an Ohio court can accept a plea of guilty to the offense of Assault with Intent to Commit Robbery under an indictment for Assault with Intent to Commit Rape. The court resolved this question against the appellant and held that for this reason also the petition should be dismissed. The court having decided that the appellant had not exhausted his state remedies could have and we think should have dismissed the petition without deciding the merits of the case. Subsequently, the appellant filed an original action in habeas corpus in the Supreme Court of Ohio. The Supreme Court denied the petition (Stacy v. Van Curen, 18 Ohio St.2d 188, 248 N.E.2d 603, cert. den. 396 U.S. 1045, 90 S.Ct. 696, 24 L.Ed.2d 690), and the habeas corpus action now before us on appeal was filed in the District Court.

The appellant has now exhausted his state remedies. The District Court having considered that it had previously decided, in the appellant's first habeas corpus action, the question involved, denied the petition upon the court's opinion in the first case without a hearing. The Supreme Court decided the case on the question of waiver. The District Court, in the opinion before us, held that an indictment under Ohio law could be amended (Section 2941.30 Ohio Revised Code) and that Assault with Intent to Commit Robbery was an included offense within the offense of Assault with

Intent to Commit Rape. Had the District Court decided only the exhaustion of state remedies issue in the first case it would have been free to have considered the waiver issue in the case now before us. No useful purpose, however, would be served in remanding the case to the District Court for a consideration of that issue.

The District Court held no evidentiary hearing and none was required. The pertinent facts are not in dispute. The question before us is one of law.

The action of the trial judge can not be sustained on the theory of an included offense. Section 2945.74 Ohio Revised Code [1] provides that if other offenses are included in the offense charged the defendant may be convicted of a lesser offense included therein. In State v. Kuchmak, 159 Ohio St. 363, 366, 112 N.E. 2d 371, 373, the Court said,

"The test for the determination of this problem is that, if all the elements of a separate offense are present with others in an offense charged in an indictment, such separate offense is a lesser included offense; or, where all the elements of an offense are included among the elements of a charged offense, the former is a lesser included offense."

See also State v. Hreno, 162 Ohio St. 193, 122 N.E.2d 681; State v. Daniels, 169 Ohio St. 87, 157 N.E.2d 736; State v. Shoe, 20 Ohio App.2d 344, 254 N.E.2d 382; State v. Johnson, 58 Ohio St. 417, 51 N.E. 40.

Section 2901.24 Ohio Revised Code defines Assault with Intent to Commit Rape and Assault with Intent to Commit Robbery as follows:

"No person shall assault another with intent * * * to commit robbery or rape upon the person so assaulted."

██ The offenses thus defined by the same section of the statute are separate and parallel offenses and carry the same

1. " * * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

penalty. While an assault is common to both offenses an essential element of the one is an intent to rape and of the other an intent to rob. It can not be said that the element of intent to rob is present in the indicted offense of an intent to rape. The actions of a person to perpetrate the respective offenses are wholly different.

Barber v. State, 39 Ohio St. 660, is a case in point. There the defendant was indicted for maliciously cutting with intent to kill under Rev.Statute, Sec. 6820 which provided,

"Whoever maliciously shoots, stabs, cuts or shoots at, another person, with intent to kill, wound or maim such person, shall be imprisoned * * *."

He was found guilty of cutting with intent to wound. The Court held that "cutting with intent to kill" and "cutting with intent to wound" were two crimes of the same degree under the same statute and could be punished with equal severity. Cutting with intent to wound not being charged in the indictment there could be no conviction of that offense.

■ Neither can the action of the trial judge be sustained on the theory of an amendment to the indictment. None was had. Furthermore, an indictment for assault with intent to commit rape could not be amended to charge the crime of assault with intent to commit robbery. As we said relative to included offenses these are separate and parallel offenses. Section 2941.30 Ohio Revised Code provides for an amendment only when no change is made in the name or identity of the crime charged.

■ The appellant had a constitutional right to be tried only on an indictment of a Grand Jury. (Amendments V and XIV of the Constitution of the United States.) (Section 10, Article I Constitution of Ohio.) This may be waived and prosecution may be had on information. Section 2941.021 Ohio Revised Code; Ex Parte Stephens, 171 O.S. 323, 170 N.E. 2d 735; Indictments may be waived under Federal Criminal Procedure, Rule 7(a) F.R.Cr.P.; Smith v. United States,

360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. See also Yakus v. United States, 321 U. S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834.

Nowhere in the record do we find that the appellant denies that he committed an assault. He pleaded guilty to Assault with Intent to Commit Robbery in the presence of and with the advice of his lawyer. The change in the name of the crime from Assault with Intent to Commit Rape to Assault with Intent to Commit Robbery was for the benefit of the appellant. Assault with Intent to Commit Robbery is a probationary offense while Assault with Intent to Commit Rape is not. (Section 2951.04 Ohio Revised Code.)

In Stacy v. Van Curen, supra, the Supreme Court said, at page 189 of 18 Ohio St.2d 604 of 249 N.E.2d.

"The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction."

■ We conclude from all the facts in the case, including those found by the Supreme Court of Ohio, that the appellant effectively waived prosecution by indictment. There is, therefore, no Federal Constitutional question involved. (Section 2241(c)(3), Title 28, U.S.C.) What further action was taken by the Supreme Court of Ohio is not under review by this Court. Further we find no prejudice to the appellant in the action that was taken in his case. If he were to prevail in this habeas corpus action he would be returned to the trial court

for trial on the original indictment or on a new indictment for Assault with Intent to Commit Robbery.

Finding no violation of a Federal Constitutional right the judgment of the District Court is affirmed.