**The STATE of Ohio, Appellee,**

**v.**

**PRICE, Appellant.**

[Cite as *State v. Price* (1992), 80 Ohio App.3d 35.]

Court of Appeals of Ohio,
Crawford County.

No. 3–91–30.

Decided May 14, 1992.

*Russell Wiseman*, Prosecuting Attorney, for appellee.

*John L. Spiegel*, for appellant.

THOMAS F. BRYANT, Judge.

Defendant-appellant, Glen E. Price, appeals from the judgment of conviction and sentence entered by the Court of Common Pleas of Crawford County on a jury verdict finding Price guilty of rape, attempted corruption of a minor, and gross sexual imposition, all concerning his fifteen-year-old stepdaughter.

Price asserts error of the trial court as follows:

### Assignment of Error 1

"The trial court erred in overruling defendant's motion to dismiss where there had been an unexplained apparent attempt to amend the indictment by interlineation."

The document of indictment of Price for rape charged the date of the offense to be "Easter Sunday" 1990, as handwritten and initialed above the typed words "August 21," 1990 through which later a handwritten line had been drawn.

On the morning of trial Price objected to the indictment, arguing, as he does here, that there had been no showing that the document was "a valid indictment returned by the grand jury." Price argues that at trial the state had the burden of proving the validity of the document as an indictment to ensure that the date of the offense charged in the indictment document is the date of the offense intended to be charged by the grand jury.

The date is of significance in this case because other offenses for which the grand jury indicted Price are alleged to have occurred on or about August 21, 1990, a date for which Price claimed alibi.

Because neither the trial court nor counsel made issue at the time of hearing, we presume the motion and proceedings thereon were timely to the satisfaction of all. The trial court overruled Price's motion to dismiss the indictment, stating:

"There is no evidence before this court that this specific one with the interlineation is not the true document done by the Grand Jury."

Clearly, Price challenges only the time claimed for occurrence of the offense alleged, not the sufficiency of the document to charge the offense.

R.C. 2941.03(D) provides that an indictment is sufficient if it can be understood from the document that an offense was committed "at some time prior to the time of finding" of the indictment.

■ Here it is undisputed that Price was served with the indictment in the form to which complaint is now made, was arraigned thereon and entered his plea of not guilty to the charge laid therein. Although in proper circumstances when entering a plea to an indictment a defendant may preserve objection to substance and form of that indictment for later determination, regardless of the time the objection is considered by the courts, the underlying principle of decision continues to be whether the document fairly apprises the defendant of the charge made against him.

Means for obtaining necessary specificity of dates and other discoverable matter in the possession of the state is provided by the Ohio Rules of Criminal Procedure. In this regard it is noteworthy that Crim.R. 7(D) provides that defects in an indictment of form or substance or of variance with the evidence may be corrected by the court at any time before, during or after trial so long as no change is made in the name or identity of the crime charged.

■ Here the indictment as interlined and served upon defendant stated unequivocally the offense charged. Price could not have been misled by the written date interlined upon the indictment document served upon him, which document in all respects complied with the requirements for presumption of its validity as the grand jury indictment it purported to be. Finally, we observe that an indictment is not required to state the date of occurrence of the offense charged. Crim.R. 7(B), R.C. 2941.08(B) and (C). See, also, *State v. Ambrosia* (1990), 67 Ohio App.3d 552, 556, 587 N.E.2d 892, 895.

Appellant's first assignment of error is without merit.

Appellant's second assignment of error is:

"The trial court erred in amending the indictment to show August 10th, when the indictment originally charged August 21st."

■ Appellant's indictment charged offenses of gross sexual imposition and corruption of a minor occurring on or about August 21, 1990. Trial testimony of the prosecuting witness placed the offense three days before she ran away from home on August 10, 1990. Testimony of other witnesses identified the date the prosecuting witness ran away from home as August 21, 1990. At the close of the state's evidence the prosecuting attorney moved to amend the indictment to conform to the testimony. The trial court denied the state's motion to amend, holding that the testimony was consistent with the indictment for an offense occurring "on or about August 21, 1990." Thus it appears that the record does not portray the trial court ruling of which the second assignment of error complains. However, assuming, as appellant apparently does, that the trial court's ruling is tantamount to granting the amendment sought by the state, we note that Crim.R. 7(D) provides:

"The trial court may at any time * * * amend the indictment * * * in respect to any * * * variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to * * * cure a variance between the indictment * * * and the proof, the accused is entitled to a discharge of the jury on his motion * * * and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the * * * variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * * No action of the court in refusing a continuance or postponement under this subdivision is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."

Although appellant argues that having served his notice of alibi for August 21, 1990, and having prepared his defense accordingly, he is unduly prejudiced by confrontation at trial with testimony tending to establish occurrence of the offense at an earlier date, he did not seek continuance or postponement of the proceedings to permit the renewed trial preparation provided for by Crim.R. 7(D) to overcome the prejudice claimed. Under the circumstances, we hold that appellant has waived the error, if any, in the trial court's holding that "the fact that the kid said 'It happened just before I ran away from home' gives him [appellant] enough opportunity to defend" falls within the ambit of "on or about" the date stated in the indictment. The trial court defined "on or about" to mean "a reasonable time."

The second assignment of error is overruled.

Appellant's third assignment of error is:

"The trial court erred in admitting evidence in contravention of the rape shield act, which evidence was prejudicial to defendant and denied him a fair trial."

By motion *in limine*, Price sought determination of the nonadmissibility at trial pursuant to R.C. 2907.02(D) of testimony to be offered by the state concerning additional specific instances of Price's sexual activity other than the instances at issue concerning the victim as alleged in the indictment. The trial court reserved ruling on the motion.

Over Price's objection, the trial court permitted Price's stepson, brother of the prosecuting witness, to testify generally that on other, unspecified occasions he had seen Price having sexual relations with another, older stepdaughter. The instances of sexual conduct and contact with the older stepdaughter related by the stepson did not involve the prosecuting witness. The trial court admitted the challenged testimony as permissible evidence of other acts citing R.C. 2945.59. The older stepdaughter did not testify at trial.

In pertinent part, R.C. 2907.02(D) provides:

"Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual history with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

R.C. 2945.59 states:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with, or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

This evidence was not offered to prove the source of semen, pregnancy or disease nor was it evidence of appellant's past sexual activity with the victim; therefore, the only possible proper foundation for admitting this testimony is R.C. 2945.59. The evidence was not admitted to prove appellant's motive or

intent, absence of mistake or accident on his part. The only possible reason for admitting this evidence under R.C. 2945.59 was to prove appellant's scheme, plan or system in doing the acts in question.

The Ohio Supreme Court has set forth the following test to determine whether evidence of other acts is admissible:

" '[E]vidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." ' " *State v. Wilkinson* (1980), 64 Ohio St.2d 308, 317, 18 O.O.3d 482, 488, 415 N.E.2d 261, 269 (quoting *United States v. Turner* [C.A. 7, 1970], 423 F.2d 481, 483–484, certiorari denied [1970], 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552). See, also, *State v. Roe* (1989), 41 Ohio St.3d 18, 23–24, 535 N.E.2d 1351, 1358–1360, certiorari denied (1990), 494 U.S. 1060, 110 S.Ct. 1535, 108 L.Ed.2d 774.

In the case *sub judice,* evidence of appellant's acts with the victim's sister are not so connected with the acts for which he was convicted that proof of one incidentally involves the other, nor does such evidence explain the circumstances of the acts for which appellant was convicted. This evidence of other acts does not tend to prove any element of the crimes for which appellant was convicted. This testimony, therefore, is inadmissible under R.C. 2945.59 and under the *Wilkinson* test.

Evid.R. 404(B) provides, in pertinent part:

" * * * Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.   * * * "

The testimony of the victim's brother concerning alleged acts between the appellant and the victim's sister was obviously intended to prove the character of the appellant in order to show that he acted in conformity therewith concerning the crimes of which he was convicted. Such testimony was clearly inadmissible for any purpose and was prejudicial to appellant.

Appellant's third assignment of error is sustained.

Appellant's fourth and fifth assignments of error are:

"The trial court erred in admitting documents as exhibits when the documents submitted were photocopies, and there was no explanation offered as to why the originals were not offered."

"The trial court erred in admitting alleged 'expert' testimony from a Children's Services worker, which testimony attempted to buttress the veracity of the state's witnesses and also attempted to show a 'pattern' regarding child abuse."

■ At trial, the prosecution called Julie Sargel as an expert witness concerning child sexual abuse. She testified concerning patterns found in child sexual abuse cases and the symptoms of post-traumatic stress syndrome. Appellant has raised no assignment of error as to Sargel's qualifications as an expert and we assume she was properly qualified since no argument is made to the contrary. Appellant argues that the purpose of Sargel's testimony was to strengthen the testimony of the prosecution's witnesses. We agree.

Sargel did not reach any conclusion during her testimony concerning whether or not the victim had been sexually abused. Absent any evidence in the record disclosing a legitimate purpose for this testimony, we can only presume that it was introduced for the purpose of bolstering the testimony of the victim and her brother and, therefore, such testimony was inadmissible.

Evid.R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The testimony of Sargel, to the extent it is presumed to have bolstered the testimony of the victim and her brother, did not assist the trier of fact to understand the evidence or to determine a fact in issue and was inadmissible.

Appellant's fifth assignment of error is sustained.

■ In conjunction with Sargel's testimony, the trial court admitted as exhibits photocopies of certificates of various courses Sargel attended on the topic of child abuse. Appellant objected because the originals of those certificates were not introduced and now claims error under Evid.R. 1002 in the admission of the photocopies.

In arguing that the prosecution was required to produce the originals of these certificates pursuant to Evid.R. 1002, appellant ignores Evid.R. 1003, which provides:

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

These photocopies are admissible to the same extent as the originals because no genuine question as to authenticity was raised and, under the circumstances, it is not unfair to admit the photocopies in lieu of the originals.

Appellant's fourth assignment of error is overruled.

Appellant's sixth assignment of error is:

"The trial court erred in permitting the charge of attempted corruption of a minor to go to the jury where there was no proof that the defendant was over age eighteen."

■ To find a defendant guilty of corruption of a minor, or attempted corruption, the state must establish that the defendant is eighteen years of age or older. R.C. 2907.04(A). Appellant claims that the prosecution offered no proof as to his age. In making this argument, appellant relies on *State v. Bowman* (Sept. 24, 1973), Logan App. Nos. 8–73–4 and 8–73–5, unreported.

In deciding this issue in *Bowman*, this court relied on *State v. Shoe* (1969), 20 Ohio App.2d 344, 49 O.O.2d 485, 254 N.E.2d 382. While we agree that *Bowman* and *Shoe* hold that age is a statutory element to be proven, neither case sets forth what proof is needed. *Shoe* simply establishes that age is an essential element. *Bowman* does not preclude determination of age from circumstantial evidence. It only establishes that age must be proven in some manner.

In *Bowman*, we stated at 4:

"Although there is evidence that the defendant owned real estate and other property, owned and drove a car, and was married, such evidence is not inconsistent with his being under the age of eighteen years at the time of the offense, and there is nothing in the transcript of proceedings from which an inference may be drawn tending to prove beyond a reasonable doubt that the defendant was 'over the age of eighteen years' at the time of the offense."

In this case, appellant admitted to having been involved in a common-law marriage with the victim's mother for fourteen years at the time of trial. Obviously, a four-year-old child cannot contract for marriage. In addition, the jury observed the appellant and could reasonably infer that he was more than eighteen years of age.

Appellant's sixth assignment of error is overruled.

Appellant's seventh assignment of error is:

"The trial court erred in overruling the request for instruction upon the lesser included offense, where the issue of force could have been negated by the testimony that money was offered to the victim by defendant."

■ Appellant requested an instruction on the allegedly lesser included offense of corruption of a minor, R.C. 2907.04, when the trial court instructed on rape, R.C. 2907.02.[1] He argues that testimony that money was offered to

---

1. In his brief, appellant cites R.C. 2907.05 as the statute relating to rape, but R.C. 2907.05 is the statute relating to gross sexual imposition. It is apparent that appellant intended to cite to R.C. 2907.02, the rape statute.

the victim in exchange for sex negates the element of force required for a rape conviction pursuant to R.C. 2907.02.

We decline to address the issue of whether the testimony at trial concerning money offered to the victim negates the element of force needed for a rape conviction because corruption of a minor is not a lesser included offense of rape. *State v. Fletchinger* (1977), 51 Ohio App.2d 73, 5 O.O.3d 186, 366 N.E.2d 300, paragraph one of the syllabus, holds that:

"Corruption of a Minor, R.C. 2907.04, is not a lesser included offense of Rape, R.C. 2907.02, because Corruption of a Minor contains an element not found in the Rape statute, to wit, the defendant's knowing that the victim is over twelve but not over fifteen years of age, or recklessness in that regard, R.C. 2907.04(A)."

Since corruption of a minor is not a lesser included offense of rape, appellant was not entitled to the requested instruction.

Appellant's seventh assignment of error is overruled.

Error prejudicial to appellant appearing in the record, the judgment of conviction of the Court of Common Pleas of Crawford County is reversed and this cause is remanded to that court for a new trial.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.