JOURNAL ENTRY and OPINION
This case is before the court on appeal from a judgment of the common pleas court finding appellant Rosalind Collier guilty of two counts of rape in violation of R.C. 2907.02. Appellant argues:
ASSIGNMENT OF ERROR NO. I
 THE INDICTMENT FAILED TO SPECIFY THE TIME AND DATE OF THE OFFENSE THEREBY DEPRIVING THE APPELLANT ADEQUATE NOTICE OF THE OFFENSE CHARGED IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS CHARGES [SIC] AND THE RIGHT TO A GRAND JURY.
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED BY ALLOWING THE JURY TO CONSIDER PREJUDICIALLY IRRELEVANT EVIDENCE.
ASSIGNMENT OF ERROR NO. III
 THE FAILURE OF DEFENSE COUNSEL TO MAKE PROPER OBJECTIONS DENIED THAT [SIC] APPELLANT HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
We find none of these propositions has merit and affirm the trial court's decision.
 PROCEDURAL HISTORY
In an indictment filed October 15, 1996, appellant was charged with thirty-four counts of rape of her minor daughter, in violation of R.C. 2907.02. Counts 1-12 alleged offenses occurring between October 20, 1987 and October 19, 1988, counts 13-24 alleged offenses occurring between October 20, 1988 and October 19, 1989, and counts 25-34 alleged offenses occurring between October 20, 1989 and July 31, 1990. A bill of particulars filed December 31, 1996 indicated that these offenses occurred at hotels or motels in the greater Cleveland area, in Cuyahoga County, Ohio.
Before the trial began, the state nolled counts 13-34 and amended the remaining twelve counts so that counts 1-4 alleged offenses occurring between October 20, 1987 and October 19, 1988, counts 5-8 alleged offenses occurring between October 20, 1988 and October 19, 1989, and counts 9-12 alleged offenses occurring between October 20, 1989 and July 31, 1990.
Following trial, the jury found appellant guilty of counts 1 and 2 of the amended indictment and not guilty of the remaining charges. The court sentenced the defendant to two concurrent terms of life imprisonment. The court further found appellant was a sexually oriented offender but not a sexual predator. Appellant's motion for a new trial was denied, and she has timely appealed her conviction.
The evidence at trial disclosed that the victim of these offenses was the daughter of appellant and Floyd Young and was born on October 20, 1983. The victim testified that from the time she was three or four years old until her father took custody of her when she was seven years old, [appellant] would make [the victim] place [her] lips against [appellant's] vagina. These incidents occurred three or four times per week at various motels on Euclid Avenue and at the house where they lived. Most of the time, appellant would ingest cocaine immediately before these incidents. Sometimes, appellant's boyfriend was present. The victim testified that appellant would instruct her boyfriend to hit the victim with a belt when she refused, and he did so.
The victim did not report these incidents to anyone until the summer of 1995. At that time, she and her father received a telephone call from appellant. When she learned it was her mother on the telephone, she began to cry. She subsequently explained what had happened to her father and stepmother.
 LAW AND ANALYSIS
A. Sufficiency of Indictment
In her first assignment of error, appellant argues that the indictment did not provide her with adequate notice of the offenses with which she was charged because the indictment did not adequately specify the time and date of the offenses. Appellant did not raise this issue in the trial court and therefore waived the matter. State v. Price (1992), 80 Ohio App.3d 35, 39; also see Crim.R. 7(D) (allowing trial court to amend indictment at any time with respect to any defect).
In any case, under R.C. 2941.03, [a]n indictment or information is sufficient if it can be understood therefrom: * * * (E) That the offense was committed at some time prior to the time of finding of the indictment * * *. An indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected: * * * (C) For stating the time imperfectly. R.C. 2941.08. Specificity as to the date and time of the offense is not required.
Temporal information is generally irrelevant in preparing a defense. State v. Sellards (1985), 17 Ohio St.3d 169, 171. Nonetheless, an accused may secure such specific detail through a bill of particulars, when the state possesses such detail. Id. Here, such specific detail was not available to the state.
Therefore, the first assignment of error is overruled.
B. Allegedly irrelevant and prejudicial evidence
Appellant's second assignment of error complains that the prosecution introduced evidence of numerous acts of the appellant and the alleged victim that were unrelated to the charged offenses. The evidence appellant deems irrelevant includes testimony that the victim masturbated excessively and attempted to perform sex acts with other girls and a counselor's testimony that the victim suffered from post-traumatic stress disorder and had been sexually abused.
Counselor's Testimony. Though initially framed in terms of relevancy, appellant's objection to the counselor's testimony actually concerns the counselor's qualification to testify as an expert. The counselor, Ms. Silke Pagendarm, testified that she was a licensed professional clinical counselor and that this licensure qualified her to make independent diagnoses. She was amply qualified to provide her expert opinion that the victim suffered from post-traumatic stress disorder.
Appellant also complains that Ms. Pagendarm improperly testified that the victim was sexually abused, because that testimony concerned an ultimate issue of fact. An expert witness may testify that a child has exhibited behavior consistent with a history of sexual abuse and may opine that the child is, in fact, the victim of sexual abuse although he or she may not offer an opinion about the veracity of the victim or the credibility of his or her testimony. State v. Boston (1989), 46 Ohio St.3d 108, 129; State v. Vaughn(1995), 106 Ohio App.3d 775, 784. Therefore, this objection to Ms. Pagendarm's expert testimony lacks merit.
Testimony Regarding Auntree's Sexual Behavior. Appellant complains about the relevancy of testimony that the victim masturbated and attempted sex acts with other girls. Appellant did not object to this testimony at trial and, therefore, waived the issue. Moreover, the testimony was relevant as evidence of her history of sexual abuse.
Letter. Finally, appellant complains about the introduction of State's exhibit 5, a letter appellant allegedly wrote to the victim. Though appellant now argues the handwriting in the letter was not properly identified as appellant's, she did not object to the letter's introduction on that basis at trial. Therefore, appellant has waived this issue.
For all of these reasons, the second assignment of error is overruled.
C. Effective Assistance of Counsel Appellant argues that she received ineffective assistance of counsel because her attorney failed to object to improper testimony and jury instructions. The test for determining whether counsel was constitutionally ineffective is essentially the same under both Ohio and federal law:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
The court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Strickland, supra, at 690.
 A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.
Strickland, supra.
Appellant claims her attorney should have objected that Ms. Pagendarm was not qualified to provide expert testimony. However, we have found ample evidence to support Pagendarm's qualification as an expert. We cannot say that the attorney's failure to object on this basis was unreasonable. Moreover, appellant has not demonstrated that the failure to object was prejudicial. Had counsel objected, the state may well have elicited additional evidence to support her qualifications; the expert testimony would not necessarily have been excluded.
Appellant also contends that her attorney should have objected to evidence of the victim's sexual acting out. We find counsel's decision not to object was well within the wide range of professionally competent assistance. As noted above, the evidence was relevant to show the child had been sexually abused. Counsel's failure to object that the probative value of the testimony was outweighed by its prejudicial effect may be attributed to sound trial strategy.
Counsel's decision not to object to the victim's testimony that appellant did not feed her and her sister, and took their toys and sold them, can also be attributed to sound trial strategy. In fact, that testimony provided a strong motive for the victim to lie about the sexual incidents.
Appellant urges that her attorney should have objected to the foundation for introduction of the letter she wrote to the victim. Again, however, appellant has not demonstrated that the failure to object was prejudicial. Had counsel objected, the state may well have elicited additional evidence to provide the foundation appellant claims was lacking; the letter would not necessarily have been excluded.
Finally, appellant urges that defense counsel should have objected to the indictment and to a jury instruction which advised that it is not necessary that the offenses were committed on the exact date as charged in the indictments. It is sufficient to prove that the offenses took place on the dates reasonably near the dates claimed. As discussed above, Ohio law does not require the indictment to include the date and time of the offense with the sort of specificity appellant demands; counsel's failure to object on this basis was not unreasonable.
The third assignment of error is overruled.
Having determined that each of appellant's assignments of error lacks merit, we affirm the trial court's judgment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 __________________________ KENNETH A. ROCCO, J.
TERRENCE O'DONNELL, P.J. and PATRICIA A. BLACKMON, J. CONCUR