OPINION
This timely appeal arises out of Appellant's conviction in Struthers Municipal Court for violating a municipal parental responsibility ordinance. Appellant argues that the citation charging him with the violation did not inform him of the elements of the alleged crime or the specific nature of the offense. For the following reasons we find Appellant's argument persuasive and reverse the conviction.
Appellee did not file a brief in this appeal. This Court will accept Appellant's statement of the facts and issues as correct as permitted by App.R. 18(C).
Appellant's son attended Struthers High School in 1998. He was tardy for first period a total of 23 times and had six days of unexcused absences during the 1998-99 school year. He was disciplined by the school with detentions and in-school suspensions.
On March 26, 1999, Juvenile Officer Patrick Bundy issued a citation to Appellant. The citation stated, in pertinent part: "On 3-22, 1999, at Struthers High School Struthers Ohio You Violated Parental Responsibility Ord. #97-9562." A trial was scheduled in Struthers Municipal Court on April 19, 1999. Appellant filed a Motion to Dismiss the charge because the statute was void for vagueness and because the citation failed to specify the offense in sufficient detail to apprise him of the true nature of the charge. The trial was rescheduled to May 17, 1999. Appellant renewed his motion at trial, which was overruled. The trial court convicted Appellant and fined him twenty dollars plus court costs. Appellant then filed this timely appeal.
Appellant presents two assignments of error on appeal:
ASSIGNMENT OF ERROR I
 "Struthers City Ordinance 97-9562 (Chapter 539 Struthers Codified Ordinance) is unconstitutional on its face. It was prejudicial error to deny Appellant's Motion to Dismiss the Complaint.
 ASSIGNMENT OF ERROR II
"It was error to deny Appellant's motion to dismiss the complaint for failure to state an offense."
 Appellant's first assignment of error argues that Struthers Municipal Ordinance 97-9562, or more precisely, Chapter 539 of the Codified Ordinances of the City of Struthers, is so unclear that no person could reasonably understand what is prohibited by the ordinance. Section 539(a) of the ordinance states: "No parent or guardian of any minor child under the age of eighteen years shall fail to exercise reasonable control over said minor." Appellant argues that, under the test established in Akron v. Rowland
(1993), 67 Ohio St.3d 374, the Struthers ordinance should be overturned as constitutionally void for vagueness.
This Court has recently held that "[p]rudence and comity require the Court to avoid a constitutional ruling when possible." State ex rel.Gains v. Rossi (March 9, 1999), Mahoning App. No. 98 CA 51, unreported, quoting Schwab v. Gallas (N.D. Ohio. 1989), 724 F. Supp. 509, 510; seealso Akron v. Rowland, supra, at 380. Because this appeal can be resolved on the basis of Appellant's second assignment of error, we will avoid unnecessarily ruling on the constitutionality of the Struthers' statute as raised by Appellant's first assignment of error.
Appellant's second assignment of error alleges that the citation which was issued to him does not inform him of the nature and cause of the accusation against him. Appellant cites State v. Burgun (1976),49 Ohio App.2d 112, for the proposition that a misdemeanor complaint must contain all the essential elements of the charged offense to be valid. Under the facts of this case as presented by the record coupled with the failure of Appellee to file a brief on appeal or otherwise present any opposing arguments, we agree with Appellant's reasoning.
The citation which was issued to Appellant referred to Struthers Municipal Ordinance 97-9562. This ordinance encompasses the entire Parental Responsibility Law as codified in Chapter 539 of the Codified Ordinances of Struthers. Section 539.05(a) states that it is a violation of the statute for a parent to, "fail to exercise reasonable control," over a minor. Failure to exercise reasonable control is defined in Section 539.03(b) of the statute:
 "(b) Included (without limitation) in this continuous duty of reasonable parental control are the following parental duties:
 "(1) To keep illegal drugs or illegal firearms out of the home and legal firearms locked in places that are inaccessible to the minor.
 "(2) To know the curfew ordinance of the City and to require the minor to observe the curfew ordinance which is codified in Section 509.08 of the General Offenses Code.
 "(3) To require the minor to attend regular school sessions and to forbid the minor to be absent from class without parental or school permission.
 "(4) To arrange proper supervision for the minor when the parent must be absent.
 "(5) To take the necessary precautions to prevent the minor from maliciously or willfully destroying real, personal, or mixed property which belongs to the City, or is located in the City.
 "(6) To forbid the minor from keeping stolen property, illegally possessing firearms, or illegal drugs, or association with known juvenile delinquents, and to seek help from appropriate governmental authorities or private agencies in handling or controlling the minor, when necessary. (Ord. 97-9562. Passed 1-7-97.)."
The six specific violations listed in Section 539.03(b) could require a defendant to produce widely different types of proof in establishing a defense, depending on which violations were at issue. The evidence required to prove a failure of reasonable parental control over delinquency involving, for example, illegal possession of firearms would be markedly different than that needed to prove a failure of reasonable parental control over curfew violations. If Appellee intended to cite Appellant for failure to exercise reasonable parental control based on his son's attendance problems at school, the citation should have alerted Appellant to this fact either by referring to Section 539.03(b)(3) or by including enough material facts to alert Appellant to the nature of the offense. Burgun, supra, 49 Ohio App.2d at 118.
Officer Bundy wrote and issued the citation to Appellant. His testimony at trial is also quite revealing. Appellant's attorney asked Officer Bundy, "[i]f you read that particular complaint, would you know that he had done wrong?" Officer Bundy's response was simply, "No." (Tr. p. 27).
A criminal defendant has a constitutional right to be informed of the nature and cause of the accusation against him. State v. Joseph (1995),73 Ohio St.3d 450, 456; State v. Price (1992), 80 Ohio App.3d 35, 38;Burgun, supra, 49 Ohio App.3d at 118. Whether one is charged with a felony, misdemeanor, or minor misdemeanor (as in the instant case), basic constitutional rights continue to apply, including the right to be sufficiently notified as to the nature of the crime. Joseph, supra, at 456; Burgun, supra, at 118; City of Warren v. Granitto (1994),93 Ohio App. 723, 726; see also Crim.R. 3, Crim.R. 4.1(C). Here, the record reflects that Appellant received insufficient notice of a criminal accusation where a citation merely refers to the title and number of a municipal ordinance which encompasses an entire chapter of a municipal code.
For the foregoing reasons the judgment of the Struthers Municipal Court is reversed and the case is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion. Costs to be taxed against Appellee.
 ___________________ WAITE, J.
Donofrio, J., concurs.
Vukovich, J., concurs.