[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from appellant's conviction in the Middletown Municipal Court for menacing, a misdemeanor of the fourth degree.
In his assignment of error, appellant argues that it was error for the trial court to find him guilty of menacing where the complaining witness testified that the criminal conduct occurred on a date other than that alleged in the affidavit that was attached to the complaint. The affidavit charging appellant of menacing states that the offense occurred "on or about the 27th day of July 2000." (Emphasis added.)
An information or indictment is not required to state the date or time of the occurrence of the offense unless the date or time is an essential element of the offense. See R.C. 2941.03; State v. Sellards (1985),17 Ohio St.3d 169, 171. Middletown Codified Ordinance 636.05, which defines the crime of menacing, does not designate date or time as elements of the offense.
At trial, the complaining witness testified about events that occurred throughout the month of August. Although the complaining witness did not testify that appellant's inappropriate conduct occurred on July 27, she testified that appellant, who is her neighbor, engages in such behavior constantly. Appellant and defense witness Neal Payne testified that on July 27 they were cleaning up appellant's yard and that no confrontation occurred between appellant and the complaining witness on that day.
Appellant's assignment of error is overruled for reason that the trial testimony falls within the ambit of "on or about" the date stated in the charging affidavit. See State v. Price (1992), 80 Ohio App.3d 35, 39. In so finding, we note that appellant did not request a bill of particulars, which might have identified the date of the offense with more exactitude before trial. We also acknowledge that the complaining witness testified that appellant engaged in a constant course of conduct that was not limited to a single day or a few days. We also note that appellant did not object to the relevancy of trial testimony regarding events that occurred in August nor requested a continuance to further prepare a defense to the complaining witness's testimony. Under these particular circumstances, appellant's claim that he was unduly prejudiced by the inaccuracy of the date provided in the information is without merit.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellant.
 __________________________________ William W. Young, Presiding Judge
Anthony Valen, Judge, James E. Walsh, Judge