{¶ 16} I cannot agree with the majority opinion's disposition of the state's assignment of error in this case, since a review of the record demonstrates the trial court abused its discretion in granting appellee's motion in limine. Therefore, I respectfully dissent.
 {¶ 17} The Ohio Supreme Court has noted that a motion in limine may be used in two ways, "causing confusion and inaccuracy." State v.French, 72 Ohio St.3d 446, 450; 1995-Ohio-32. Properly defined, a motion in limine is in essence an anticipatory "protective order against [merely] prejudicial questions and statements * * *to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial" and further stated that the "granting of [this] motion [prior to trial]is not a ruling on evidence * * *." State v. Grubb (1986),28 Ohio St.3d 199, 200-201. (Emphasis added.) Thus,
 {¶ 18} although a motion in limine sometimes is used as a "functional equivalent" to a motion to suppress, if the challenged evidence relates to a "critical issue," the trial court is making a final ruling on the matter. State v. French, supra at 451.
 {¶ 19} The majority opinion concedes the evidence the state sought to introduce in this case is relevant, and further concedes the trial court made a ruling on the value of that evidence. It therefore is inappropriate to criticize the state for instituting this appeal, because, logically, appellee's motion in limine was being used as the functional equivalent of a motion to suppress.
 {¶ 20} Actually, the proper procedure to consider the evidence's admissibility was not invoked in this case. The state managed only to produce a preliminary report in response to appellee's unexpectedly-late motion, which was treated as if it would constitute all of the evidence the state would be able to present. Rather than granting appellee's motion, the trial court should have informed the parties that without the witness' presence, it could not make a final ruling on the evidence prior to trial.
 {¶ 21} Appellee easily could have challenged the admissibility of Dr. Gemmill's testimony when the state called him as a witness. The trial court at that point could have conducted a voir dire to hear the evidence in its entirety. Upon listening to Dr. Gemmill's actual testimony, the trial court subsequently could have determined whether the evidence should be permitted to be introduced. The trial court then would be in a position better to consider if defense counsel not only could have challenged the witness' testimony on cross-examination, but also could have presented to the jury a closing argument regarding the evidence's weight. State v. Pierce, 64 Ohio St.3d 440, 1992-Ohio-53; State v. Smith
(Mar. 20, 1992), Lucas App. No. L-91-100.
 {¶ 22} Moreover, had appellee been convicted of either of the offenses with which he was charged, he could raise the issue of admissibility on appeal, as did the defendants in the other cases cited in the majority opinion. State v. Hanna, 95 Ohio St.3d 285, 2002-Ohio-2221; State v. Price (1992), 80 Ohio App.3d 35; State v.Fleming (Aug. 4, 1999), Lorain App. No. 98CA007003.
 {¶ 23} The supreme court cautioned in State v. Hanna, supra, that to be inadmissible, otherwise probative evidence must "focus on a side issue that is substantially unrelated and prejudicial to a fair resolution of the issues in the case." In this case, the evidence directly related to the issue of appellee's guilt on the most serious charge.
 {¶ 24} Obviously, Dr. Gemmill, who presented credentials indicating he is the "Director of The Child Maltreatment Program" at St. Vincent Mercy Medical Center in Toledo, Ohio, has more medical expertise in the area of gynecology than does either the trial court or this court. Matters such as the significance of the length of time between the dates of alleged rape and the condition Gemmill observed are not within a layman's ability to interpret, and were not specifically addressed in the report. They are, however, appropriate subjects for vigorous cross-examination.
 {¶ 25} Finally, I believe the trial court's arbitrary action in this case, viz., permitting without comment the defense to file this eleventh-hour "motion in limine" on a critical issue, supports a conclusion it committed an abuse of its discretion. Crim.R. 12(D).
 {¶ 26} Accordingly, I would sustain the state's assignment of error, reverse the trial court's decision, and remand this case for further proceedings.