THE STATE OF OHIO, APPELLEE, *v.* DANIELS, APPELLANT.

[Cite as State v. Daniels (1980), 61 Ohio St. 2d 220.]

(No. 79-299—Decided February 13, 1980.)

*Mr. Stephan Gabalac,* prosecuting attorney, *Mr. Marc R. Wolff* and *Mr. Carl M. Layman III,* for appellee.

*Mr. J. Dean Carro* and *Mr. Gerald Cowden,* for appellant.

*Per Curiam.* The conflict in this cause raises the question of whether R. C. 2919.22(A)* is unconstitutionally vague

---

* R. C. 2919.22(A) provides:

"No person, being the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to

or overbroad. The issue of this statutory section's vagueness was resolved by this court last term in *State* v. *Sammons* (1979), 58 Ohio St. 2d 460, at page 464, wherein we held that R. C. 2919.22(A) "is not unconstitutionally vague or indefinite." *Sammons,* however, did not address the issue of the statute's overbreadth.

Appellant, in making her overbreadth challenge, seeks to demonstrate the possible unconstitutional application of R. C. 2919.22(A) to individuals in situations not now before this court. We have previously recognized a First Amendment exception to traditional standing doctrines, which would allow the assertion of such claims. *State* v. *Diana* (1976), 48 Ohio St. 2d 199, certiorari denied 431 U. S. 917; *State* v. *Phipps* (1979), 58 Ohio St. 2d 271. It has been stated that:

"[T]he transcendent value to all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity,'***. [Citations omitted.] This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression." *Gooding* v. *Wilson* (1972), 405 U. S. 518, at page 521.

To fall within this overbreadth exception to standing requirements, however, First Amendment interests must be affected. *Broadrick* v. *Oklahoma* (1973), 413 U. S. 601; *State* v. *Diana, supra.* Appellant grounds her First Amendment claim on a parental right of freedom of association. This contention, that the statute may chill parents' rights of association with their children, is totally without supporting authority.

---

the health or safety of such child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of such child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body."

The United States Supreme Court has characterized the First Amendment's guarantee of freedom of association as follows:

"The right of 'association,' like the right of belief (*Board of Education* v. *Barnette,* 319 U. S. 624), is more than the right to attend a meeting; it includes the right to express one's attitudes or philosophies by membership in a group or by affiliation with it or by other lawful means. Association in that context is a form of expression of opinion; and while it is not expressly included in the First Amendment its existence is necessary in making the express guarantees fully meaningful." *Griswold* v. *Connecticut* (1965), 381 U. S. 479, 483.

R. C. 2919.22(A) does not seek to regulate expression or the right of assembly in any respect, but governs conduct that may endanger children. We recognize the importance of the family unit, *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, but the " '***freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment,' " *Moore* v. *East Cleveland* (1977), 431 U. S. 494, at page 499, not by the First Amendment's rights of association. For this reason appellant's overbreadth challenge is without merit.

Since appellant makes no claim that her actual conduct toward her children can not be regulated under this statute, and because we find her overbreadth challenge to be invalid, we must affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, JACKSON and HOLMES, JJ., concur.

JACKSON, J., of the Eighth Appellate District, sitting for LOCHER, J.