THE STATE OF OHIO, APPELLEE, v. FAWN, APPELLANT.

(No. 82AP-904—Decided June 30, 1983.)

Mr. *Michael Miller,* prosecuting attorney, Mr. *Alan C. Travis* and Ms. *Karen L. Martin,* for appellee.

Mr. *Terry D. Van Horn,* for appellant.

NORRIS, J. Defendant, Frank Wesley Fawn, Jr., appeals his convictions on four counts of corruption of a minor (R.C. 2907.04).

The victim, a thirteen-year-old girl, testified that she had engaged in sexual intercourse with defendant, who was about thirty-five years of age. Concerning the earliest incident with which defendant was charged (count four), she testified that she and her friend, Robin, were staying overnight at the apartment of the victim's sister sometime during May 1982 and were sitting on the living room couch when defendant, who was the sister's live-in boyfriend, came in about 2:30 a.m., and engaged in sexual intercourse with the victim while Robin looked on. According to the victim, the second incident (count one) occurred on June 10, after she had consented to have intercourse with defendant and he drove her, in his van, onto a secluded pathway off Old Brown Road. She further said that she had intercourse with defendant on June 13 (count three) at about 3:30 a.m., in her sister's apartment after her sister had gone to bed and defendant's former wife had picked up their son, for whom defendant had been babysitting. The final time she and defendant had sexual intercourse, according to the victim, was on June 20, at about 3:15 p.m., when she stopped by the home of Tom and Janice Knox, with whom defendant was then staying.

The trial court sentenced defendant to serve from three to ten years on each count, with the sentences on counts one, two and three to be served consecutively.

Defendant raises four assignments of error:

"I. Section 2907.04 of the Ohio Revised Code is unconstitutional in that this statute denies the defendant equal protection and due process under both the United States and Ohio Constitutions.

"II. The prosecution failed to prove every element of the offense charged beyond a reasonable doubt.

"III. The defendant was denied due process and equal protection under both the United States and Ohio Constitutions due to ineffectiveness of legal counsel.

"IV. A sentence consisting of three consecutive terms of three to ten years and one concurrent term of three to ten years, making a sentence of nine to thirty years, herein, violates Sec. 2941.25 of the Ohio Revised Code, 'multiple counts,' and is cruel and unusual punishment, a violation of the United States and Ohio Constitutions."

The statute under which defendant was charged reads as follows:

R.C. 2907.04:

"(A) No person, eighteen years of age or older, shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows such other person is over twelve but not over fifteen years of age, or the offender is reckless in that regard.

"(B) Whoever violates this section is guilty of corruption of a minor, a felony of the third degree. If the offender is less than four years older than the other person, corruption of a minor is a misdemeanor of the first degree."

In his first assignment of error, defendant contends that R.C. 2907.04 is unconstitutional, on equal protection and due process grounds, in that it provides different penalties for different adults committing the same offense and because a lesser degree of proof is required for conviction under this section than under R.C. 2907.06, which defines sexual imposition (involving sexual contact), a less serious misdemeanor of the third degree.

While defendant is correct in his contention that the general rule is that all laws of a general nature must have uniform operation, the General Assembly may create reasonable classifications of persons and so long as all persons in the group to which the legislation applies are treated without discrimination, the constitutional rule is satisfied. *State* v. *Martin* (1958), 168 Ohio St. 37, at 39 [5 O.O.2d 293]. In determining whether a legislative

classification is grounded upon a rational basis, the test is whether any state of facts, either known or which can reasonably be assumed, supports the classification. If the question is at least debatable, then the decision is a legislative one and the classification will be upheld. *United States* v. *Carolene Products Co.* (1938), 304 U.S. 144. In other words, it is only where it is clear beyond doubt that the legislative classification is without any rational basis that the courts will step in to set aside the classification. *State* v. *Babcock* (1982), 7 Ohio App. 3d 104.

We are unable to say that the legislative classification created by R.C. 2907.04(B) is unreasonable. When read together with division (A) of R.C. 2907.04, the effect is that the only adult defendants granted the mitigated penalty are those who are eighteen years of age; younger offenders would be subject to adjudication as juveniles. It is reasonable to conclude, as argued by the state, that an accused beyond a certain age should be of sufficient maturity and judgment to be held responsible for conduct which might be more excusable in a younger person, and that a victim would be more likely to succumb to the advances of an older individual than to one within four years of the victim's age. And, as noted in the Committee Comments to R.C. 2907.04, sexual conduct with an early adolescent is often viewed as more serious when the offender is substantially older than the victim.

Defendant next points out that the crime of sexual imposition, a misdemeanor of the third degree, provides that no person can be convicted of that offense "* * * solely upon the victim's testimony unsupported by other evidence" (R.C. 2907.06[B]), and argues that, because corroboration is not required by R.C. 2907.04, which provides for a felony penalty, he was convicted impermissibly of a felony where greater proof was required than for the "lesser included offense" of sexual imposition.

Defendant is in no position to complain about the lack of a corroboration requirement insofar as two counts are concerned, since there was evidence to support the victim's testimony on those charges. See *State* v. *Daniels* (1980), 61 Ohio St. 2d 220 [15 O.O.3d 232]. There was direct evidence to support the victim's testimony on count four, as her friend, Robin, testified that she saw the offense committed. And, the victim's mother testified that her daughter received treatment for a vaginal discharge discovered as the result of a medical examination following the incident which was the subject of count two.

We are unable to agree with the state's contention that the victim's testimony as to the other counts was corroborated as contemplated by R.C. 2907.06. There was evidence which supported the victim's testimony on some of the facts material to the charges. For example, her mother testified, relative to count one, that her daughter pointed out to her the secluded spot near Old Brown Road where she said that the incident took place. And, on count three, defendant's ex-wife corroborated the victim's testimony regarding picking up the child early in the morning, which left defendant and the victim alone. However, the corroboration required by the statute is of facts which go to the very substance or foundation of the crime — in effect, the *corpus delicti*. See *Wertenberger* v. *State* (1919), 99 Ohio St. 353. Here, that would mean evidence that defendant engaged in sexual conduct with the victim. Because that portion of the victim's testimony on counts one and three was not supported by other evidence, defendant is not precluded from raising his constitutional challenge as it concerns those two charges.

However, we conclude that there was a rational basis for the General Assembly requiring corroborating evidence for the conduct defined by R.C. 2907.06, and declining to require corroboration under

R.C. 2907.04, since there are valid distinctions between the conduct defined by the sections. For example, because the acts constituting sexual conduct — *e.g.,* sexual intercourse (R.C. 2907.01[A]) — are almost always performed in private, the victim's testimony is difficult to corroborate, whereas the acts constituting sexual contact — any touching of an erogenous zone of another (R.C. 2907.01[B]) — are more likely to be witnessed by others. In addition, society's interest in protecting persons from the anti-social conduct defined by R.C. 2907.06 is not nearly so compelling as is the case with the more serious conduct defined by R.C. 2907.04. Under the former, there is only a slight risk of harm to the victim, and prosecution should be entertained cautiously in view of the likelihood that the proscribed touching may be the product of inadvertence or accident — *e.g.,* due to a pressing crowd — and its offensiveness the product of the victim's overimaginative mind. Those considerations do not apply in the case of the sexual conduct prohibited by R.C. 2907.04. Finally, R.C. 2907.04 contemplates that the victim has consented to the sexual conduct; offensiveness to the victim is not an element, whereas consent by the victim is not contemplated when most of the conduct proscribed by R.C. 2907.06 is considered.

Accordingly, the first assignment of error is overruled.

In his second assignment of error, defendant asserts that there was insufficient evidence to prove his age and that he knew the victim's age or was reckless in that regard — necessary elements of the crime.

Upon appeal, a cause must be reviewed in the light most favorable to the prevailing party, including giving the benefit of doubt to the trier of facts as to those permissible inferences which may be drawn from the facts and the circumstances in evidence. *State v. Wallen* (1969), 21 Ohio App. 2d 27, at 35 [50 O.O.2d 50]; *State v. Blake* (Oct. 8, 1981), Franklin App. No. 81AP-136, unreported.

As pointed out by defendant in his brief, the victim testified that he was aware of her age since it was mentioned in his presence "a lot of times," and that his "approximate" age was thirty-five, and Robin testified that defendant was "around thirty." In addition, there was evidence that defendant and the victim resided in the same household for considerable periods of time. The test to determine the sufficiency of evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether the defendant is guilty beyond a reasonable doubt. *State v. Black* (1978), 54 Ohio St. 2d 304, at 308 [8 O.O.3d 296]; *State v. Swiger* (1966), 5 Ohio St. 2d 151, at 165 [34 O.O.2d 270]. In other words, it is only where reasonable minds could not fail to find reasonable doubt that a reviewing court may reverse the judgment of the trier of facts.

Applying this test to the case before us, we find that there is sufficient evidence in the record upon which reasonable minds could conclude that defendant was eighteen years of age or older, and that he knew that the victim was over twelve but not over fifteen years of age or that defendant was reckless in that regard. The second assignment of error is overruled.

By his third assignment of error, defendant raises the contention that his trial counsel was ineffective. The test to be applied to such a contention is whether the accused, under all the circumstances, had a fair trial and substantial justice was done. *State v. Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156]. An accused is entitled to a fair trial, not a perfect trial. *State v. Fluellen* (June 27, 1978), Franklin App. No. 77AP-778, unreported. A properly licensed attorney is presumed competent. *State v. Nabozny* (1978), 54 Ohio St. 2d 195 [8 O.O.3d 181]. Accordingly, defendant has the burden of establishing counsel's ineffectiveness and, to carry this burden, must show both that counsel violated an essential duty and that his cause was prejudiced by counsel's con-

duct. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495]. In our determination of the issue raised by this assignment of error, we are, of course, limited to the record before us. It may well be, as noted in defendant's brief, that evidence exists outside the record to support his contention, but evidence of that nature will have to be produced in pursuing another remedy, such as postconviction relief.

One specific and serious shortcoming mentioned by defendant that might be subject to exemplification by the record is the contention that, during the course of his testimony, his counsel failed to specifically ask him to deny that he had intercourse with the victim, and that this omission severely prejudiced his cause. Under certain circumstances, such conduct might constitute ineffective representation, especially if it were not made clear to the jury that defendant was denying the charges. Counsel essentially asked defendant to tell the jury his version of all four instances, and from his response to each question there is little doubt that he denied the conduct with which he was charged in each count. In addition, the victim's sister said she had questioned defendant and he had denied the conduct, and the prosecutor, in closing argument, told the jury that the defendant denied the charges.

Upon consideration of the other complaints leveled by defendant against his trial counsel to which reference may be made to the record before us, we are unable to say that the accused, under all the circumstances, did not receive adequate representation at trial. However, a more serious instance of error is raised indirectly by counsel for defendant when he directs our attention to the portion of the testimony of the state's rebuttal witness, the victim's mother, concerning the witness' recollection of a conversation with her other daughter:

"Q. What did she say?
"A. She said that Sonny [defendant] had admitted to her that they had had sex.

"Q. Was she any more specific than that?
"A. No.
"Q. Did she say anything else about it?
"A. Well, she said she didn't want to believe it, but she did believe it.
"Miss Lanker: I am going to object to this.
"Mr. Belli: Well, she denied making those statements.
"The court: Objection is overruled."

Testimony of this alleged admission by defendant that he had at some time engaged in sexual conduct with the victim, made to a third person, violates the rule against hearsay. Evid. R. 801(C). The witness did not testify that defendant had made the admission to her — had that been the case, the admission would not have been hearsay. Evid. R. 801(D)(2). Here, because she testified that a third person told her that defendant made the admission to the third person, the third person's statement was hearsay. The state attempts to justify the testimony as proper impeachment of prior inconsistent testimony of the daughter to the effect that defendant had admitted the conduct to her. However, in view of the state's closing argument that the mother testified that defendant had admitted that he had been having intercourse with the victim, it cannot be seriously contended that the mother's testimony was introduced by the state for any purpose other than to prove the truth of her daughter's statement.

Under the circumstances of this case, allowing the mother's testimony could only have a substantially adverse impact upon defendant's cause. Accordingly, the third assignment of error is sustained to the extent that the mother's testimony concerning the statement made to her by her daughter was permitted to stand by the trial court.

The first part of defendant's fourth assignment of error, that the punishment meted out to him was contrary to the provisions of R.C. 2941.25, which prohibits

multiple convictions where the same conduct can be construed to constitute two or more allied offenses of similar import, is not well-taken. Clearly, defendant's conduct resulted in multiple offenses committed separately and with a separate animus. R.C. 2941.25(B). Nor do the sentences amount to cruel and unusual punishment. In order to constitute cruel and unusual punishment, the sentences must be so greatly disproportionate to the offenses as to shock the sense of justice of the community. *State* v. *Chaffin* (1972), 30 Ohio St. 2d 13 [59 O.O.2d 51]. In this instance, the sentences meted out were in conformity with the provisions of the statutes. We are unable to say that an indefinite prison term of from three to ten years for the type of conduct proscribed by R.C. 2907.04, and the imposition of consecutive sentences on three of the counts, are so greatly disproportionate to the offenses as to shock the community's sense of justice. The fourth assignment of error is overruled.

The first, second, and fourth assignments of error are overruled; the third assignment of error is sustained in part and overruled in part; the judgment of the trial court is reversed; and this cause is remanded to the trial court for a new trial.

*Judgment reversed and*
*cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.

WHITESIDE, P.J., concurring. Although I concur in the overruling of the first, second and fourth assignments of error, I cannot concur in all of the discussion in the majority opinion.

First, if corroboration were necessary, three of the convictions could not be affirmed since there is no corroboration whatsoever as to them. There is corroboration only as to the May 1982 incident, which occurred while a friend of the "victim" watched. R.C. 2907.04, however, does not require corroboration of the consenting "victim's" testimony.

There is a proper basis for not requiring corroboration for the more serious offense defined by R.C. 2907.04 while requiring it for the legislatively decreed less serious offense under R.C. 2907.06. The Committee Comment to R.C. 2907.06 states corroboration is required because the offense is "particularly susceptible to abuse in prosecution." Sexual imposition as defined by R.C. 2907.06 consists of sexual contact under four different possible circumstances, three of which are essentially nonconsensual. The fourth may be consensual and is predicated upon age differential and may be committed only by an adult.

On the other hand, corruption of a minor, as defined by R.C. 2907.04, can be committed only by an adult's engaging in sexual conduct with a person over twelve but not over fifteen with the consent of such person since the crime would be rape if force were involved. There also is a provision for reduced punishment if the offender is eighteen and the "victim" fourteen. Although a "sex crime," there is a basic difference in the gravamen of a crime under R.C. 2907.04 and one under R.C. 2907.06. As its title indicates, the gravamen of R.C. 2907.04 is corruption of a minor through sexual conduct. Sexual imposition, as its title suggests, is predicated on one person imposing himself upon another sexually. The act itself constitutes the offense in R.C. 2907.04; whereas, the purpose involved in committing the act is of the essence in R.C. 2907.06, since R.C. 2907.01(B) provides that sexual contact must be "for the purpose of sexually arousing or gratifying either person." There is, therefore, sufficient basis for requiring corroboration with respect to the latter but not the former.

As to the second and fourth assignments of error, I concur in the majority opinion. However, further comment is

necessary with respect to the third assignment of error. Although predicated upon ineffective assistance of counsel, there are two aspects: (1) failure of defense counsel to elicit a firm denial of committing the criminal acts; and (2) the admission of patently inadmissible hearsay rebuttal evidence that defendant admitted committing the criminal acts without objection from defense counsel, although she did object to hearsay testimony that the person to whom defendant made the alleged admission (his girlfriend) did believe his admission. The prosecutor contended that this evidence was admissible because the response to an improper question posed by the prosecutor to defendant's girlfriend as to whether she had told her mother that defendant admitted having sex with the "victim," and the rebuttal witness was their mother.

An admission by defendant would have been admissible. Here, hearsay evidence of an alleged admission to a third person was admitted without objection by defense counsel. This compounded the failure to establish a firm denial of the charge to the extent that prejudice is apparent, especially coupled with the failure to object to the improper question posed to defendant's girlfriend and the trial court's overruling of defense counsel's objection to the further patently improper hearsay evidence that defendant's girlfriend believed his admission of the criminal act. The prosecutor argued the "admission" in closing argument.

Under these circumstances, no reasonable jury could have failed to convict defendant of at least the one corroborated incident of sexual conduct. In his testimony at trial, defendant admitted opportunity to have committed the criminal act but failed affirmatively to deny doing so. If defendant did not intend to deny committing the criminal acts, there was no reason for his testifying, but he should have either not testified or entered an appropriate plea.

The state's contention that the hear-say evidence of an alleged admission by defendant was admissible under Evid. R. 613 is without merit. First, it is not proper impeachment. See Evid. R. 801(D)(1). Whether defendant's girlfriend had told her mother that defendant had admitted the conduct is not proper evidence for any purpose. This was the gist of the prosecutor's question to the girlfriend and of the rebuttal evidence. The rebuttal evidence was admitted and used, however, not as impeachment (which also was improper) but as direct evidence of an admission by defendant. Under these circumstances, I concur in the sustaining of the third assignment of error.