The STATE of Ohio, Appellee,

v.

HAIRSTON, Appellant.

[Cite as *State v. Hairston* (1997), 121 Ohio App.3d 750.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70745.

Decided July 28, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael D. Horn,* Assistant Prosecuting Attorney, for appellee.

*Michael Troy Watson* and *Reginald N. Maxton,* for appellant.

Rocco, Judge.

Defendant-appellant Charles C. Hairston appeals from his conviction on two counts of corruption of a minor, R.C. 2907.04, contending that his convictions were both against the manifest weight of the evidence and also improper in that they are not lesser included offenses of the ones for which he was originally indicted, *viz.,* rape and gross sexual imposition. This court has examined the record and finds that only one of appellant's convictions must be reversed, since the crime of corruption of a minor is an offense of inferior degree to the charge of rape; however, it is neither a lesser included offense nor an offense of an inferior degree to the crime of gross sexual imposition.

Appellant's convictions stem from a sixty-count indictment filed against him on December 19, 1995. All of the counts related to appellant's alleged activities with his stepdaughter, Kristal Marie Baker, who turned thirteen on October 31, 1992. The activities were alleged to have begun on July 1, 1992 and continued until February 28, 1995, when Kristal was removed from appellant's influence.

Thus, in counts one through five, appellant was charged with rape in violation of R.C. 2907.02(A)(1)(b)[1]; in counts eleven through twenty-five, appellant was charged with rape in violation of R.C. 2907.02(A)(2).[2]

In counts six through ten, appellant was charged with felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b)[3]; in counts twenty-six through forty, appellant was charged with felonious sexual penetration in violation of R.C. 2907.12(A)(2).[4]

Finally, in counts forty-one through forty-five, appellant was charged with gross sexual imposition in violation of R.C. 2907.05(A)(4)[5]; in counts forty-six through sixty, appellant was charged with gross sexual imposition in violation of R.C. 2907.05(A)(1).[6]

All sixty counts carried an aggravated felony specification for a 1971 conviction for murder.

Appellant entered a plea of not guilty to the indictment and retained counsel to represent him. After five pretrials, appellant signed a jury waiver; appellant's case was thus tried to the bench. Trial commenced on March 19, 1996.

The state presented the testimony of the victim and six others. Some of the state's witnesses had been investigators of the case in various capacities. The others were presented to establish the occurrence of a particular incident that was alleged to have taken place on the morning of December 16, 1994, when the victim stated that appellant drove her to a motel room at a time when she ordinarily would have attended school.

Upon the completion of the state's case, the trial court overruled appellant's motions for acquittal. Thereafter, appellant presented the testimony of nine witnesses and testified on his own behalf. All of the defense witnesses were presented mainly in order to challenge the credibility of the victim. Trial concluded on March 22, 1996.

On March 26, 1996, the trial court announced its decision. The trial court stated that it found the victim's account of appellant's activities not credible

---

1. These incidents were alleged to have occurred between July 1, 1992 and October 30, 1992.

2. These incidents were alleged to have occurred between October 31, 1992 and February 28, 1995.

3. See footnote 1.

4. See footnote 2.

5. See footnote 1.

6. See footnote 2.

except with respect to the incident of December 16, 1994. Therefore, it found appellant not guilty on all counts but counts twenty and forty-six. On those two counts, however, appellant was found guilty not of the offenses charged, *viz.*, rape and gross sexual imposition, but, rather, over appellant's objection, of corruption of a minor in violation of R.C. 2907.04.

The trial court ordered a presentence investigation and report. During this interim, appellant filed a motion for reconsideration of the trial court's decision, which was overruled. Appellant ultimately was sentenced to concurrent terms of incarceration of two to ten years on each count.

Appellant has filed a timely appeal, presenting two assignments of error for review. Appellant's second assignment of error must first be addressed and is set forth as follows:

"The trial court erred in denying the defendant-appellant's motion for reconsideration and/or in the alternative motion to dismiss the conviction against this defendant-appellant for reasons that the conviction, as identified by the court, is not a lesser included offense of either rape, O.R.C. 2907.[02] or gross sexual imposition, O.R.C. 2907.05, as contained in Counts 20 and 46 of the indictment."

Appellant argues that his convictions for corruption of a minor were improper. He asserts that since the offense of corruption of a minor contains an element not found in R.C. 2907.02, rape, and is an offense of a higher degree than R.C. 2907.05, gross sexual imposition, his convictions must be reversed. Appellant is only partially correct.

In count twenty, appellant was indicted on a charge of violation of R.C. 2907.02(A)(2), which states:

"No person shall engage in sexual *conduct* with another when the offender purposely compels the other person to submit by force or threat of force." (Emphasis added.)

In count forty-six, appellant was indicted on a charge of violation of R.C. 2907.05(A)(1), which states:

"No person shall have sexual *contact* with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when any of the following applies:

"(1) The offender purposely compels the other person * * * to submit by force or threat of force." (Emphasis added.)

R.C. 2907.05(B) provides that the foregoing offense is a felony of the fourth degree.

At trial, in order to prove the element of force contained in both of the charges against appellant, it was the state's theory that appellant used his position as the

victim's stepfather to control her behavior. The trial court indicated, however, that in its view, this was insufficient evidence to prove the element of force beyond a reasonable doubt. But, see, *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304; *State v. Riffle* (1996), 110 Ohio App.3d 554, 674 N.E.2d 1214; *State v. Fowler* (1985), 27 Ohio App.3d 149, 27 OBR 182, 500 N.E.2d 390; *State v. Kennedy* (June 21, 1990), Cuyahoga App. No. 57147, unreported, 1990 WL 84286.

The trial court further indicated that "the weight of the evidence" convinced it that the December 16, 1994 motel room incident had occurred and, thus, appellant was guilty of *some* offense against his stepdaughter which took place on that date. It, therefore, apparently utilized Crim.R. 31(C) to convict appellant of two counts of corruption of a minor.[7]

In doing so, the trial court chose to ignore some established precedent which has indicated that corruption of a minor is not a lesser included offense of the crime of rape. In those cases, the courts held that R.C. 2907.04 contains an element not found in R.C. 2907.02, *viz.*, the defendant's knowledge of the victim's age or his recklessness in that regard. See, *e.g., State v. Fletchinger* (1977), 51 Ohio App.2d 73, 5 O.O.3d 186, 366 N.E.2d 300; *State v. Jakobiak* (1989), 65 Ohio App.3d 432, 584 N.E.2d 759; *State v. Price* (1992), 80 Ohio App.3d 35, 608 N.E.2d 818.

R.C. 2907.04, in effect at the times relevant to this case, stated:

"(A) No person who is eighteen years of age or older shall engage in sexual *conduct* with another, who is not the spouse of the offender, *when the offender knows such other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.*

"(B) Whoever violates this section is guilty of corruption of a minor, a felony of the *third degree*. If the offender is less than four years older than the other person, corruption of a minor is a misdemeanor of the first degree." (Emphasis added.) Sub.H.B. No. 44, 143 Ohio Laws, Part II, 2049, 2053; see, also, Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1909.

In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Supreme Court held that pursuant to Crim.R. 31(C) a trier-of-fact may reach a different verdict than that charged in the indictment only in three situations: (1) the evidence supports a finding of an *attempt* to commit the crime charged, if the attempt is an

---

7. Crim.R. 31(C) provides:

"Conviction of lesser offense. The defendant may be found not guilty of the offense charged but guilty of an attempt to commit it if such an attempt is an offense at law. When the indictment, information, or complaint charges an offense including degrees, or if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of an inferior degree thereof, or of a lesser included offense."

offense at law; (2) the evidence supports a finding that defendant committed an offense which is one of an "inferior degree"; or (3) the evidence supports a finding that defendant committed an offense which is a lesser included offense.

As previously stated, most of the cases which have addressed the issue have held that R.C. 2907.04, corruption of a minor, because it contains an "additional" element, is not a lesser included offense to the crime of rape. However, this analysis proceeded no further; thus, the cases have failed to consider whether it is an offense of an "inferior degree" as defined in *Deem* and its companion case, *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286. See, *e.g., State v. Wong* (1994), 95 Ohio App.3d 39, 641 N.E.2d 1137; *State v. Peek* (1996), 110 Ohio App.3d 165, 673 N.E.2d 938.

"[A]n offense is an 'inferior degree' of the indicted offense where its elements are *identical* to or contained within the indicted offense, except for one or more additional *mitigating* elements which will *generally* be presented in the defendant's case." (Emphasis added in part.) *State v. Deem*, 40 Ohio St.3d at 209, 533 N.E.2d at 298.

In *State v. Thomas, supra*, the court further explained that in order to determine whether an offense is a lesser included offense or one of inferior degree to the crime charged:

"Th[e] test is not a word game to be performed by rote by matching the words chosen by the legislature to define criminal offenses. *Some offenses*, such as aggravated murder and murder, *lend themselves to such a simple matching test; others do not.* See, *e.g., State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082 (*construing gross sexual imposition, R.C. 2907.02[A][3], to be a lesser included offense of rape, R.C. 2907.02[A][1][b].*) * * * The proper overall *focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them.*" (Emphasis added.) *Thomas*, 40 Ohio St.3d at 216–217, 533 N.E.2d at 290.

Under the common law to counter the frequently raised defense of consent, the statutes concerning rape as originally enacted by Parliament set the presumption that females under the age of ten were incapable of consenting to any sexual conduct—hence the term "statutory rape." This age of "consent" subsequently was raised in stages to sixteen years. Consequently, prior to the Ohio 1974 omnibus crimes and criminal procedure code revision, "statutory rape" was defined in R.C. 2905.03 as follows:

"No person 18 years of age or over shall carnally know and abuse a female person under 16 years of age with her consent."

In interpreting this statute, Ohio case law determined the words "with her consent" to be surplus language. See *State v. Daniels* (1959), 169 Ohio St. 87, 8

O.O.2d 56, 157 N.E.2d 736; *State v. Curry* (1975), 43 Ohio St.2d 66, 69–70, 72 O.O.2d 37, 38–39, 330 N.E.2d 720, 723–724.

■ When in 1974 the Ohio legislature enacted the first comprehensive revision of the criminal code since 1815, sexual conduct with prepubescent and early adolescent children was prohibited in certain specific situations. The most severe penalties were imposed in those situations in which the victim was prepubescent and in which force was used against the victim, *viz.*, R.C. 2907.02(A)(1)(b), (A)(2), and (B). The least severe penalties were utilized when no force was used, the victim was postpuberty, and the age of the offender was itself close to adolescence. R.C. 2907.04. It follows, therefore, that both force and the victim's prepubescent age are "aggravating factors" while the lack of force and the victim's postpubescence are "mitigating factors."

Under this analysis, the application of the test of *Deem* to R.C. 2907.04 reveals that it is an offense of inferior degree to the crime of rape as defined in R.C. 2907.02(A).[8] The defendant's knowledge of or recklessness in regard to the age of the victim is not precisely an *additional* element as that term is used in *Deem*; rather, it is a *mitigating* element which reduces the severity of the offense.

Support for this conclusion may be found in the following language of the *Deem* court's opinion:

"[T]he group of 'inferior degree[s]' of the indicted offense is *wholly distinct* from the group of 'lesser included offenses.' The term 'degrees' used in both the statute and the rule refers to the penalties for felonies and misdemeanors * * * which are grouped into *descending categories of imprisonment and fines according to the severity of the offense.* An 'offense, including different degrees,' is an offense which, *upon proof of a mitigating* or aggravating *element, is assigned a different 'degree' of punishment."* (Emphasis added.) *Deem,* 40 Ohio St.3d at 208–209, 533 N.E.2d at 298.

Moreover, such an interpretation of the two rape statutes at issue herein was recognized in the concurring opinion in *State v. Fawn* (1983), 12 Ohio App.3d 25, 30, 12 OBR 111, 117, 465 N.E.2d 896, 903:

"[C]orruption of a minor, as defined by R.C. 2907.04, can be committed only by an adult's engaging in sexual conduct with a person over twelve but not over fifteen with the consent of such person *since the crime would be rape if force were involved."* (Emphasis added.)

---

8. Despite the cases cited which hold otherwise, an argument can be made that corruption of a minor *is* a lesser included offense of the crime of rape if the element of knowledge of the victim's age is considered a *substitute* for the element of force, since corruption of a minor, formerly referred to as "statutory rape," was the *original* statutory lesser included offense of the common-law crime of rape.

Finally, in *State v. Rose* (June 30, 1995), Montgomery App. No. 14502, unreported, 1995 WL 386866, the court recognized that pursuant to R.C. 2941.25, rape and corruption of a minor are "allied offenses of similar import." In *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816, the Supreme Court stated that in order to determine whether offenses are allied offense of similar import, such offenses must meet the first step of the test, *viz.*, the elements of the two crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* at 117, 526 N.E.2d at 817. If knowledge of the victim's age or recklessness in that regard is an *additional* rather than a mitigating element, corruption of a minor would not be an allied offense to the crime of rape.

For the foregoing reasons, this court declines to apply the holdings of *State v. Fletchinger,* 51 Ohio App.2d 73, 5 O.O.3d 186, 366 N.E.2d 300, *State v. Jakobiak,* 65 Ohio App.3d 432, 584 N.E.2d 759, and *State v. Price,* 80 Ohio App.3d 35, 608 N.E.2d 818, to the facts of this case. In *Fletchinger,* since the victim's age did not fit within the parameters of R.C. 2907.04, its pronouncements regarding the relationship of that statute with R.C. 2907.02 were unnecessary. Moreover, neither *Jakobiak* nor *Price* considered whether the age element was intended by the legislature to be a substitute for or in mitigation of the element of force in the rape statute. Therefore, the trial court did not err in convicting appellant of corruption of a minor on count twenty of the indictment.

■ However, the trial court erred when it convicted appellant on count forty-six, since corruption of a minor is neither a lesser included offense nor an offense of an inferior degree to R.C. 2907.05, gross sexual imposition. As the court in *Deem* held:

"An offense may be a lesser included offense of another if (i) *the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii)* some element of the greater offense *is not required* to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)" (Emphasis added.) *Id.,* 40 Ohio St.3d 205, 533 N.E.2d 294.

R.C. 2907.04(B) defined corruption of a minor as a felony of the third degree. Since R.C. 2907.05(A)(1) is stated to be a felony of the *fourth* degree, *i.e.*, it carries a lesser penalty, corruption of a minor logically cannot be either an offense of an *inferior* degree or a *lesser* included offense of gross sexual imposition.

The doctrine of "inferior degrees" and "included offenses" relates to offenses of the same general character. *State v. Moore* (1978), 62 Ohio App.2d 86, 87, 16

O.O.3d 183, 184, 404 N.E.2d 174, 175. Crim.R. 31(C) therefore was properly invoked by the trial court in this case to convict appellant of corruption of a minor on count twenty of the indictment. *Deem,* 40 Ohio St.3d at 208–209, 533 N.E.2d at 297–298.

Accordingly, appellant's second assignment of error is overruled with respect to his conviction on count twenty of the indictment; however, it is sustained with respect to his conviction on count forty-six.

Appellant's first assignment of error states:

"The trial court erred in finding the defendant-appellant guilty of corruption of a minor, O.R.C. 2907.04, a felony of the third degree, as a lesser included to counts 20 (rape, O.R.C. 2907.02) and 46 (gross sexual imposition, O.R.C. 2907.05), as the counts finding [*sic* ] are against the manifest weight of the evidence."

Appellant argues that the evidence of his guilt lacked credibility. The test to be applied when reviewing a claim that a conviction is against the manifest weight of the evidence was stated by the court in *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721, as follows:

"There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgement was against the manifest weight of the evidence. Here the test is much broader. The court, *reviewing the entire record weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether* in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * * See *Tibbs v. Florida* (1982), 457 U.S. 31, 38, 42 [102 S.Ct. 2211, 2216, 2218, 72 L.Ed.2d 652, 658–659, 661–662]." (Emphasis added.)

Moreover, the weight of the evidence and the credibility of witnesses are primarily for the trier of fact, and the reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus; *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

As hereinbefore discussed, the trial court could not properly convict appellant of corruption of a minor on count forty-six of the indictment, which charged appellant with gross sexual imposition. Therefore, his conviction on that count must be reversed.

However, his conviction for corruption of a minor on count twenty was not against the manifest weight of the evidence. The victim testified that she specifically remembered the time in December 1994 when appellant came to her

school prior to the commencement of classes for the day and drove her to the Royal Oak Motel near Southgate Shopping Center. She identified the motel room from pictures that she had never seen before trial.

The victim's testimony was corroborated by the motel records, which demonstrated that appellant had signed the guest register on December 16, 1994 at 10:45 a.m., used an out-of-town address, and left the motel the same day. Her testimony was also corroborated by the school records indicating that she had appeared at school for classes on that day but had been absent for all but the final two periods.

The trial court also heard the testimony of appellant and his witnesses, particularly Patricia Lockhart, who stated that she had requested appellant to drive her to the motel on that day and to obtain a room for her in order "to get away" for a while. Subsequently, the trial court concluded that the victim must have been truthful concerning the incident because she had no other access to the information she provided.

Reviewing the record, this court cannot infer that the trial court clearly lost its way in resolving conflicts in the evidence. Therefore, its decision on count twenty that appellant was guilty of violating of R.C. 2907.04, corruption of a minor, was not against the manifest weight of the evidence.[9] See, e.g., State v. Fawn, 12 Ohio App.3d 25, 12 OBR 111, 465 N.E.2d 896; State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, unreported, 1992 WL 205119.

Accordingly, appellant's first assignment of error is also overruled in part and sustained in part.

Appellant's conviction of corruption of a minor on count twenty of the indictment is affirmed. Appellant's conviction of corruption of a minor on count forty-six of the indictment is reversed.

*Judgment accordingly.*

JAMES D. SWEENEY, C.J., and DYKE, J., concur.

---

9. This court makes this determination especially mindful of State v. Eskridge, 38 Ohio St.3d 56, 526 N.E.2d 304, and its progeny, which indicate that appellant's position as· the victim's stepfather is itself sufficient to support the element of force in a prosecution for rape.