OPINION
Guy M. White appeals from a judgment of the Montgomery County Court of Common Pleas which convicted him of burglary and sentenced him to eighteen months of incarceration to be served consecutively with a sentence in another unrelated case.
The evidence presented at the trial established two different versions of the events in question. The state presented the following version of events. White and Nicole Luckett had been involved in an intimate relationship prior to February 20, 1999. On February 20, 1999, White kicked open the security door at Luckett's apartment building, went to Luckett's apartment, and began banging on her apartment door. He eventually kicked open Luckett's apartment door, despite Luckett's commands that he not come into the apartment. After hitting and slapping Luckett, White "dragged" her out of the apartment and forced her into his mother's car.
The defense's version of the events was as follows. While at White's house on the morning of February 20, 1999, Luckett discovered a sonogram report indicating that White's girlfriend was pregnant. Luckett was angered by the sonogram and "stormed out" of White's house. Later that afternoon, Luckett telephoned White and asked him to meet her at their "meeting spot." When Luckett did not come to the "meeting spot," White became worried so he went to her apartment to check on her. While White waited outside of her apartment building, Luckett called 911 to report that he was breaking into her apartment building. Feeling that "something was wrong" because Luckett had failed to meet him, White kicked in the security door of Luckett's apartment building. As he knocked on her apartment door, he could hear Luckett yelling and screaming. Believing Luckett to be arguing with someone in the apartment, White kicked in her apartment door. Luckett then agreed to leave the apartment with White.
On February 21, 1999, White was charged with one count of abduction in violation of R.C. 2905.02(A)(1) and one count of burglary in violation of R.C. 2911.12(A)(4). On January 20, 2000, White filed a motion requesting that the trial court instruct the jury on aggravated trespass in violation of R.C. 2911.211 as a lesser included offense of burglary in violation of R.C. 2911.12. The trial court overruled White's motion during the trial.
The case was tried to a jury on January 18, 20-21, 2000. The jury found White not guilty of the count of abduction and guilty of the count of burglary. On February 11, 2000, White was sentenced to eighteen months of incarceration to be served consecutively to a sentence imposed in an unrelated case.
White now appeals his conviction and advances three assignments of error on appeal. We will address these assignments in an order that facilitates our discussion.
 I. THE TRIAL COURT IMPROPERLY DENIED DEFENDANT-APPELLANT'S MOTION FOR AGGRAVATED TRESPASS TO BE INCLUDED IN THE JURY INSTRUCTIONS AS A LESSER INCLUDED OFFENSE OF BURGLARY.
White argues that the trial court erred in denying his motion for a jury instruction on aggravated trespass as a lesser included offense of burglary.
"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph three of the syllabus.
The trial court concluded that aggravated trespass was not a lesser included offense of burglary after finding that the second prong of Deem
was not met because burglary can be committed without aggravated trespass being committed.
White was charged with burglary in violation of R.C. 2911.12(A)(4) which reads:
 No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 R.C. 2911.211(A), the statute that discusses aggravated trespass, states:
 No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him.
An offender can commit burglary without committing aggravated trespass if he trespasses in another person's habitation without the purpose to commit a misdemeanor. Thus, the trial court correctly concluded that the second prong of Deem was not satisfied and properly overruled his motion for a jury instruction on aggravated trespass as a lesser offense of burglary.
The first assignment of error is overruled.
 III. IF THE COURT FINDS AGGRAVATED TRESPASS NOT TO BE A LESSER-INLCLUDED [sic] OFFENSE OF BURGLARY, THE COURT ERRED BY NOT ALLOWING AGGRAVATED TRESPASS AS AN INFERIOR DEGREE OF BURGLARY TO BE GIVEN IN THE JURY INSTRUCTION.
White argues that the trial court erred in failing to instruct the jury on aggravated trespass as an inferior degree of burglary.
A jury may consider a lesser offense that is an inferior degree of the indicted offense. Deem, at paragraph one of the syllabus. "An offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." (Emphasis added.) Id. at paragraph two of the syllabus. As an illustration, the court in Deem
pointed to the offense of kidnapping in violation of R.C. 2905.01. The kidnapping statute, as it existed at that time, classified the offense as an aggravated first degree felony unless the offender released the unharmed victim in a safe place, in which case the offense was classified as an aggravated felony of the second degree. Id. at 209,533 N.E.2d at 298. Thus, because releasing the unharmed victim in a safe place was a mitigating element of the crime of kidnapping, kidnapping as an aggravated second degree felony was an inferior degree of kidnapping as an aggravated first degree felony.
White argues that the requirement in R.C. 2911.211(A) that the offender either cause physical harm to another person or cause another person to believe that the offender will cause physical harm to him is a mitigating element that makes aggravated trespass an inferior degree offense to burglary.
A mitigating element will reduce the severity of the offense. See Statev. Hairston (1997), 121 Ohio App.3d 750, 756, 700 N.E.2d 930, 934. Burglary in violation of R.C. 2911.12(A)(4) is classified as a fourth degree felony. R.C. 2911.12(C). Aggravated trespass in violation of R.C. 2911.211(A) is classified as a first degree misdemeanor. R.C.2911.211(B). Thus, aggravated trespass is a lesser degree offense than burglary. We will not conclude, however, that causing physical harm to another person or causing another person to believe that he will suffer physical harm is a mitigating element that causes aggravated trespass to be an inferior degree offense of burglary because such actions would not reduce the severity of the crime of burglary in violation of R.C.2911.12(A)(4). In examining R.C. 2911.211(A), it is clear that there are no mitigating elements in the crime of aggravated trespass that make it an inferior degree offense of burglary in violation of R.C. 2911.12(A)(4). Instead, aggravated trespass is classified as a lesser degree offense because its elements are different from the elements of burglary.
The third assignment of error is overruled.
 II. IF THE COURT FINDS AGGRAVATED TRESPASS NOT TO BE A LESSER-INLCLUDED [sic] OFFENSE OF BURGLARY, THE COURT COMMITTED PLAIN ERROR BY NOT OFFERING CRIMINAL TRESPASS AS A LESSER-INCLUDED OF BURGLARY TO BE GIVEN IN THE JURY INSTRUCTION.
White argues that the trial court erred when it failed to instruct the jury on criminal trespass as a lesser included offense of burglary. Because White did not raise this issue in the trial court, he argues that the trial court's failure to give this jury instruction was plain error.
Criminal trespass in violation of R.C. 2911.21 is a lesser included offense of burglary. State v. Burns, (Mar. 15, 1999), Marion App. No. 9-98-21, unreported, dismissed (1999), 86 Ohio St.3d 1416,711 N.E.2d 1011; State v. Brooks (Apr. 10, 1998), Greene App. No. 97-CA-9, unreported. A jury instruction on a lesser included offense "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213,533 N.E.2d 286, paragraph two of syllabus, certiorari denied (1989), 493 U.S. 826, 110 S.Ct. 89.
As we stated, supra, R.C. 2911.12(A)(4) states:
 No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 R.C. 2911.21(A)(1) states the following relevant definition of criminal trespass:
 No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]
The evidence presented at trial does not reasonably support an acquittal of the count of burglary. Specifically, both the state and defense versions of the incident established that White had used force to enter Luckett's apartment by kicking in the security and apartment doors and that Luckett was in the apartment when White entered her apartment. Because both versions of the evidence fulfill the requirements of the offense of burglary, we conclude that an acquittal on the count of burglary was not reasonably possible and there was no error, much less plain error, in the trial court's not instructing on criminal trespass.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
 ___________________ WOLFF, P. J.
FAIN, J. and YOUNG, J., concur.