JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Tariq Doss ("appellant"), appeals from the trial court's conviction. On December 14, 2001, the jury found appellant guilty of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Having reviewed the arguments of the parties, the pertinent law, and for the reasons that follow, we affirm the lower court.
 I. {¶ 2} This case involves unlawful sexual conduct with a minor. The appellant was initially indicted on four counts. In counts one and two, appellant was charged with two counts of first-degree felony rape, in violation of R.C. 2907.02. In count three, the appellant was charged with kidnapping, in violation of R.C. 2905.01, which is a felony of either the first or second degree. In count four, the appellant was charged with the fourth-degree felony of gross sexual imposition, in violation of R.C.2907.05.
 {¶ 3} The jury trial commenced on December 10, 2001. At the conclusion of the state's case-in-chief, the trial court granted a motion of acquittal, pursuant to Crim.R. 29, on one count of rape. On December 14, 2001, the appellant was found guilty of the lesser offense of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Appellant was found not guilty of kidnapping and not guilty of gross sexual imposition. On December 27, 2001, appellant was sentenced to 15 months incarceration for his conviction of unlawful sexual conduct with a minor. Appellant was also found to be a habitual sexual offender at his sexual classification hearing. It is from this trial court's conviction that the appellant now appeals.
 II. {¶ 4} Appellant's first assignment of error states, "The trial court denied appellant his right to be indicted by a grand jury by instructing the jury on a crime for which he had not been indicted and which was not a lesser included offense of the crime charged in the indictment."
 {¶ 5} Crim.R. 31(C) provides the authority for finding defendants guilty of a lesser-included offense. Crim.R. 31(C) states the following:
"The defendant may be found not guilty of the offense charged butguilty of an attempt to commit it if such an attempt is an offense atlaw. When the indictment, information, or complaint charges an offenseincluding degrees, or if lesser offenses are included within the offensecharged, the defendant may be found not guilty of the degree charged, butguilty of any inferior degree thereof, or of a lesser included offense."
 {¶ 6} Furthermore, in State v. Hairston (1997), 121 Ohio App.3d 750, the trial court ruled that the crime of corruption of a minor (now known as unlawful sexual conduct with a minor) is an offense of inferior degree to the charge of rape.
 {¶ 7} Appellant states that the case at bar is inapplicable toState v. Hairston, because Hairston involved the defendant's step-daughter and, therefore, the defendant clearly knew the age of the victim. Appellant claims that in the case sub judice, there was conflicting testimony as to the appellant's knowledge or recklessness regarding the victim's age and, therefore, Hairston does not apply. Appellant's argument is misplaced.
 {¶ 8} Both the appellant and the appellee should have known the victim's age before the trial. Even if the appellant did not know of the victim's minor status before trial, he could have readily obtained the requisite information from the file or various other sources. Furthermore, appellant states that, if he had been forewarned that the victim's age was going to be an element of any kind, he would have explored the subject more extensively and changed trial tactics. Appellant claims that this information was critical to his trial strategy. The fact that the appellant claims he did not know that the victim's young age would be an element in this prosecution does not amount to an error denying appellant his right to be properly indicted by the trial court. It is not unheard of for juries to convict defendants on inferior or lesser charges. The fact that appellant did not anticipate that outcome is not an error by the trial court.
 {¶ 9} Trial courts have charged defendants with inferior or lesser charges in the past. The fact that appellant did not incorporate that knowledge into his trial plan or the fact that there was conflicting testimony regarding the victim's age does not result in a denial of appellant's right to be properly indicted.
 III. {¶ 10} Appellant's second assignment of error states, "The trial court erred when it permitted jurors to ask questions of the witnesses."
 {¶ 11} Appellant's second assignment of error is overruled. The case at bar was removed from this court's docket in August of 2002. This case was sua sponte removed from the docket because the issue in appellant's second assignment of error was pending before the Ohio Supreme Court. On June 11, 2003, in the case of State v. Fisher, the Ohio Supreme Court decided the issue and found that the practice of allowing jurors to question witnesses is a matter within the discretion of the trial court. See State v. Fisher (2003), 99 Ohio St.3d 127. We find that the trial court in this case exercised its discretion when it properly allowed the jurors in this case to ask questions. Appellant's second assignment of error is overruled.
 IV. {¶ 12} Appellant's third assignment of error states, "The verdict is against the manifest weight of the evidence."
 {¶ 13} In State v. Martin (1983), 20 Ohio App.3d 172, the court set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
"There being sufficient evidence to support the conviction as a matterof law, we next consider the claim that the judgment was against themanifest weight of the evidence. Here, the test is much broader. Thecourt, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of the witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered."
 {¶ 14} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Therefore, we must accord due deference to those determinations made by the trier of fact.
 {¶ 15} Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions, deference to such findings and conclusions must be given by the reviewing court. A reviewing court is not authorized to reverse a correct trial judgment merely because erroneous reasons were assigned as a basis. The rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Myers v. Garson,66 Ohio St.3d 610.
 {¶ 16} "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."Whatley v. Tokheim Corp. (Jan. 30, 1986), Cuyahoga App. No. 49407, citingC.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 29.
 {¶ 17} In the case at bar, appellant argues that the credibility of the evidence is uncertain because there is conflicting testimony as to the appellant's actual knowledge of the victim's age. Appellant's claim is unsubstantiated. Credible testimony that appellant was aware of the victim's age was presented at trial. The victim testified that she told appellant that she was under the age of 18 and he told her that he didn't want to hear that because it "would mess my head up."[1] Furthermore, when the victim asked the appellant if he was 26 years old, appellant stated that his age did not matter.[2] Appellant later indicated to the victim that he was not 26 years old.[3]
 {¶ 18} The judgment in this case is supported by competent credible testimony as well as substantial evidence, all supporting the essential elements of the case. Appellant's third assignment of error is overruled.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J. and SEAN C. GALLAGHER, J., concur.
[1] The direct examination of the victim, D.L., by Attorney Bombik indicates the following: Mr. Bombik: "At that point in time did you tell him how old you were?" D.L.: "I was telling him I'm under 18 and he told me don't tell — he said, don't tell me how old you are, because it is going to mess my head up, so I told him I'll be 16 August 14th." Mr. Bombik: "You told him that?" D.L.: "Yes." See Tr. p. 215.
[2] Mr. Bombik questioned D.L. during direct examination and the following transpired: Q. "During that five minutes, did you have any conversation with Tariq once you were inside upstairs?" A. "I just asked him how old he was." Q. "You just asked him how old he was. What did he tell you?" A. "It didn't matter, because we weren't sleeping together." Tr. p. 214.
[3] Tr. p. 215.