[Cite as *State v. Hairston*, 2011-Ohio-3844.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96437

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES C. HAIRSTON

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-331664

**BEFORE:**    E. Gallagher, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    August 4, 2011

**FOR APPELLANT**

Charles C. Hairston, pro se
6111 Butler Avenue
Cleveland, Ohio    44127

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1}  This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc. R. 11.1.

{¶ 2}  Charles Hairston appeals from the trial court's denial of his motion to void judgment.  Finding no merit to this appeal, we affirm the decision of the trial court.

{¶ 3}  Primarily, we note that Hairston's petititon, which can only be classified as a petition for postconviction relief, was untimely filed.  See *State v. Reynolds,* 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131; R.C.

2953.21(A)(1); R.C. 2953.21(A)(2). Moreover, Hairston has made no attempt to establish the applicability of an exception that would allow the trial court to consider his untimely petition. See R.C. 2953.23(A)(1) and R.C. 2953.23(A)(2). Accordingly, the trial court lacked jurisdiction to entertain his petition for postconviction relief. *State v. Dugger*, Franklin App. No. 06AP-887, 2007-Ohio-1243; *State v. Russell*, Franklin App. No. 05AP-391, 2006-Ohio-383.

{¶ 4} Even if we were to disregard the above, the arguments raised in Hairston's first, second, and third assignments of error are all issues that could have been raised on his direct appeal. See *State v. Hairston* (1997), 121 Ohio App.3d 750, 700 N.E.2d 930. Accordingly, all three assignments of error are barred by the doctrine of res judicata. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824; *State v. Rodriguez*, Cuyahoga App. No. 95055, 2010-Ohio-4902; *State v. Goldsmith*, Cuyahoga App. No. 95073, 2011-Ohio-840.

{¶ 5} Based on the foregoing, Hairston's first, second, and third assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR

## Appendix

**Assignments of Error:**

> **"I.   The trial court erred denying appellant's motion without a hearing and failure to merge the convictions on Counts 20 and 46 violates Fifth Amendment Protections against Double Jeopardy."**

> **"II.   The trial court erred in denying appellant's motion as appellant was sentenced pre-Foster, which required judicial findings in order to impose a sentence beyond the minimum."**

> **"III.   The judgment of conviction is void wherein the conviction was contrary to law wherein Ohio courts have consistently held that R.C. 2907.04 is not a lesser included offense of R.C. 2907.02(A)(2)."**