OPINION
This timely appeal arises from a bench trial decision of the Belmont County Court, Northern Division, convicting Richard E. Scott ("Appellant") of speeding. For the following reasons, we affirm the judgment.
Appellant is employed as a truck driver. On August 3, 2000, Appellant was driving his tractor-trailer on Interstate 70 in Belmont County. Sgt. Jeff Bernard ("Sgt. Bernard") of the Ohio State Highway Patrol was on duty in the vicinity of exit 220. Sgt. Bernard observed Appellant traveling at an excessive speed. Sgt. Bernard used a K-55 radar device to determine that Appellant was going 75 m.p.h. The speed limit for that section of roadway was 55 m.p.h. for commercial vehicles. Sgt. Bernard pursued the vehicle, and estimated the speed of Appellant's vehicle during the pursuit to be over 75 m.p.h. Sgt. Bernard stopped Appellant's vehicle and issued him a traffic citation for speeding in violation of R.C. § 4511.21(D)(1). Because Appellant had more than two prior convictions for speeding within one year, the degree of the offense was raised from a minor misdemeanor to a third degree misdemeanor. R.C. § 4511.99(D)(1)(c).
Appellant entered a not guilty plea on August 11, 2000. The matter was heard at a bench trial on August 16, 2000. Appellant and Sgt. Bernard both testified. The court found Appellant guilty and sentenced him to ten days in jail with eight days suspended, a $500 fine, one year of probation, and assessed him eight points against his license pursuant to R.C. § 4507.021. The court also arranged for Appellant, a resident of Pennsylvania, to perform two days of community service with his local Salvation Army in lieu of the two-day jail sentence.
Appellant filed a letter with the trial court on September 13, 2000, which was construed as a notice of appeal.
Appellant asserts three assignments of error in this appeal. The first assignment of error states:
 "THE TRIAL COURT ERRED IN CONVICTING APPELLANT RICHARD E. SCOTT FOR SPEEDING ON AUGUST 16, 2000 BASED ON PREJUDICIAL EVIDENCE OF APPELLANT'S PRIOR DRIVING CONVICTIONS WHICH COLORED THE DECISION BY THE TRIER OF FACT."
Appellant argues that evidence of his prior speeding convictions should not have been admitted at trial. Appellant argues that prior convictions constitute inadmissible evidence of character traits under Evid.R. 404(B). Appellant argues that his prior convictions are also inadmissible under Evid.R. 403, which requires evidence to be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Appellant also contends that the prior convictions were not admissible under Evid.R. 609, which only permits evidence of prior crimes to be admitted for purposes of impeachment of witnesses. We are not persuaded by these contentions.
The admission and exclusion of evidence are within the broad discretion of the trial court. State v. Mays (1996), 108 Ohio App.3d 598, 617. "A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby." Id. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 156.
Appellant did not object to the introduction of his driving record at the time the record was first marked and identified by Sgt. Bernard. (Tr. 11). The driving record contained information about the four recent speeding convictions. At the time the record was admitted into evidence, Appellant only objected to it for lack of proper authentication. (Tr. 21). His objection was overruled. (Tr. 21).
Evid.R. 103(A)(1) states, in pertinent part, "[e]rror may not be predicated upon a ruling which admits * * * evidence unless * * * a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context * * *." According to Evid.R. 103(A)(1), a party may not claim on appeal that there was error in the admission of evidence unless that party raised the specific grounds of the objection at the proper time at trial, or unless there is plain error. See State v. Williams (1996),79 Ohio St.3d 1, 12; State v. Clary (1991), 73 Ohio App.3d 42, 51. Furthermore, "[t]he general rule regarding specific objections is that one who has made specific objections to the admission of evidence thereby waives all other objections and cannot assert such others in the appellate court." Johnson v. English (1966), 5 Ohio App.2d 109, 113.
The record shows that Appellant did not raise the proper objections at trial to preserve this assignment of error for review. Furthermore, we do not find plain error. Plain error is an obvious error or defect in the trial court proceeding, affecting a substantial right, of which it can be said that, "[b]ut for the error, the outcome of the trial court would have been otherwise." Williams, supra, at 12. Appellee did not commit any error, much less plain error, in introducing evidence of Appellant's prior speeding convictions into the record.
When a criminal defendant's prior convictions enhance the degree of an offense, rather than merely increasing the possible penalty, such prior convictions are essential elements of the crime and must be proven by the state as part of its case in chief. State v. Allen (1987),29 Ohio St.3d 53, 55; State v. Runner (May 16, 2001), Belmont App. No. 99-BA-36, unreported.
Appellant was charged with speeding in violation of R.C. §4511.21(D)(1), typically a minor misdemeanor. Appellant's prior speeding convictions raised the degree of the offense to a third degree misdemeanor. R.C. § 4511.99(D)(1)(c). Pursuant to Allen, supra,
Appellant's prior convictions became elements of the crime. The prosecution was entitled to present evidence of these prior convictions in order to prove beyond a reasonable doubt that Appellant committed the more serious offense. See Runner, supra.
Having found no plain error, we overrule Appellant's first assignment of error.
Appellant's second assignment of error asserts:
 "THE TRIAL COURT ERRED IN CONVICTING APPELLANT RICHARD E. SCOTT FOR SPEEDING ON AUGUST 16, 2000 BASED ON APPELLANT'S STATEMENTS MADE TO THE ARRESTING OFFICER AND ADMITTED AS SUBSTANTIVE EVIDENCE INTO THE RECORD IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS."
Appellant argues that Sgt. Bernard should not have been permitted to testify concerning a conversation he had with Appellant at the time of the traffic stop. (Tr. 9ff.). Appellant contends that he was not given aMiranda warning prior to the conversation as required by Miranda v.Arizona (1966), 384 U.S. 436. Appellant contends that he was subject to custodial interrogation without having been warned of his right to remain silent. Appellant contends that these errors require a reversal of his conviction. We reject Appellant's argument.
It is well established that a defendant who is subjected to custodial interrogation must be advised of his or her Miranda rights and must make a knowing and intelligent waiver of those rights before statements obtained during the interrogation will be admissible. State v. Treesh
(2001), 90 Ohio St.3d 460, 470; Wyrick v. Fields (1982), 459 U.S. 42,48-49. Nevertheless, Miranda errors must be raised at the appropriate time in the proceedings. We cannot rule on whether there was a Miranda
violation because Appellant did not address this issue at the proper time during the trial court proceedings.
Because this is a traffic case, it is governed by the Ohio Traffic Rules. Traf.R. 11(B) states, in pertinent part:
 "(2) The following motions and requests must be made before trial:
 "(a) Motions to suppress evidence, including but not limited to identification testimony, on the ground that it was illegally obtained;" (Emphasis added).
The sole remedy for a Miranda violation is the suppression of the evidence which was derived from the violation. Bennett v. Passic (C.A. 10, 1976), 545 F.2d 1260, 1263; see Miranda, supra, 384 U.S. at 479. A criminal defendant is required to raise a Miranda violation in a pretrial motion to suppress. State v. Cornely (1978), 56 Ohio St.2d 1, 6. By failing to file a motion to suppress before trial, the appellant waived any Miranda error relating to the failure to suppress his conversation with Sgt. Bernard. See State v. Moody (1978), 55 Ohio St.2d 64, 66; Statev. Sibert (1994), 98 Ohio App.3d 412, 429. For this reason, we overrule Appellant's second assignment of error.
Appellant's third assignment of error asserts:
 "THE CONVICTION OF APPELLANT RICHARD E. SCOTT FOR SPEEDING IN NORTHERN DIVISION COUNTY COURT OF BELMONT COUNTY, OHIO WAS IMPROPER DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL BY APPELLANT'S ATTORNEY AT THE TRIAL ON AUGUST 16, 2000."
Appellant argues that he has a fundamental right, under the Sixth Amendment, to a fair trial, which includes the right to effective assistance of counsel. See Strickland v. Washington (1984), 466 U.S. 668,684. Appellant argues that the following actions and omissions by his counsel constituted ineffective assistance of counsel: 1) counsel did not object to the introduction into evidence of prior speeding convictions; and 2) counsel did not introduce available evidence which would have contradicted Sgt. Bernard's information as to the speed of Appellant's vehicle. Specifically, Appellant contends that his counsel should have: 1) introduced evidence that his tractor-trailer had a speed governor which prevented it from traveling at the speed alleged in the citation; 2) introduced evidence that there were other trucks on the highway which could have confused Sgt. Bernard's observations; and 3) impeached Sgt. Bernard with regard to whether the officer could actually identify Appellant's vehicle. Appellant submits that these errors deprived him of a fair trial and require a reversal of his conviction. Based on the record before us, we disagree.
To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance fell below an objective standard of reasonable competence under the circumstances.Strickland, supra, at 687. Second, a defendant must show that as a result of this deficiency, he was prejudiced at trial. Id.; see also State v.Mills (1992), 62 Ohio St.3d 357, 370. Even if counsel's performance could be deemed deficient for Sixth Amendment purposes, it must still be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland,supra, at 694. A reasonable probability is, "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.; State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus.
In reviewing a claim of ineffective assistance of counsel, a court should presume that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 100.
In our determination of the issue raised by this assignment of error, we are, of course, limited to the record before us. Appellant's argument primarily deals with evidence de hors the record and which he assumes would have been admissible, competent and credible at trial. For example, we cannot review whether Appellant's vehicle had a speed regulation device attached to it, because such information is not in the record. It may well be that evidence exists outside the record to support his contention, but evidence of that nature will have to be produced in pursuing another remedy, such as postconviction relief. State v. Fawn
(1983), 12 Ohio App.3d 25, 29.
It is also apparent that the alleged error of failing to object to the introduction of the prior speeding convictions was not error at all, as determined by our analysis of Appellant's first assignment of error,supra.
The remaining errors have to do with the trial tactics used by Appellant's counsel. Trial tactics are left to the discretion of the individual attorney and do not constitute ineffective assistance of counsel. State v. McNeill (1998), 83 Ohio St.3d 438, 449; State v.Clayton (1980), 62 Ohio St.2d 45, 49. The decision whether or not to impeach a police officer concerning the officer's observation skills is certainly a sensitive tactical decision left to the judgment of trial counsel. We cannot find ineffective assistance of counsel based on the trial tactics used by Appellant's attorney. Therefore, we overrule Appellant's third assignment of error.
For all the foregoing reasons, we overrule all of Appellant's assignments of error and affirm his conviction in full.
Donofrio, J., concurs.
DeGenaro, J., concurs.